THE STATE *vs.* JENNIE SETTER.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

A conspiracy to commit theft is not merged in the theft when actually
committed, and may be punished as a distinct offense.

[Argued June 14th—decided September 9th, 1889.]

COMPLAINT to the City Court of the city of New Haven
against the present defendant and Mary Reese for a conspir-
acy to commit the crime of theft. The defendants were
found guilty in that court and appealed to the Court of
Common Pleas of New Haven County. The present de-
fendant was tried to the jury in that court on the plea of
"not guilty," before *Deming, J.* The jury returned a ver-
dict of "guilty," and the defendant appealed to this court.
The case is fully stated in the opinion.

*J. H. Webb*, for the appellant.

It having clearly appeared in the trial below that the
goods, the conspiracy to steal which was charged, were act-
ually stolen, and the conspiracy, if one existed, had been
fully accomplished, the defendant claimed that the conspiracy
had become merged in the felony, and no longer existed as
a separate and distinct offense. She therefore requested
the court to charge the jury as follows : " Under the law of
this state a conspiracy to commit the crime of theft is a mis-
demeanor, while the crime of theft itself is a felony ; and
the law is so that if the conspiracy is actually consummated
and the theft is actually committed, then the conspiracy is
merged in the theft, and the accused cannot lawfully be con-
victed of conspiracy. Where the felony is in fact committed
a conspiracy to commit such felony cannot be indicted and
punished as a distinct offense." But the court declined to
charge as requested, and charged the jury, in substance, that

unless they found the defendant had been actually *convicted and punished* for the theft, they could nevertheless find her guilty of the conspiracy. The law contended for by the defendant is clearly stated in 2 Swift Dig., 359, as follows: "When a felony or misdemeanor is in fact *committed*, a conspiracy to commit such felony or misdemeanor cannot be indicted and punished as a distinct offense." See also *Commonwealth* v. *Kingsbury*, 5 Mass., 106. In the case of a conspiracy to commit a *felony* this proposition so far as we can find has never been overruled or qualified; most certainly not in Connecticut. The English, and some American courts, have however made a distinction between the case of a conspiracy to commit a *misdemeanor*, and a conspiracy to commit a *felony*. It has been held that, while in the case of a conspiracy to commit a *felony*, it has never been doubted that the conspiracy merged, yet in the case of a conspiracy to commit a *misdemeanor*, the conspiracy would not merge. And this is so, because in the one case the conspiracy, being itself a mere misdemeanor, becomes extinguished by the greater offense, while in the latter case both the conspiracy and the contemplated offense being of the same grade, the one does not out-shadow the other. This distinction has been learnedly considered in the following cases. *People* v. *Mather*, 4 Wend., 265; *State* v. *Murray*, 15 Maine, 100; *State* v. *Mayberry*, 48 id., 219; *People* v. *Richards*, 1 Mich., 216; *State* v. *Noyes*, 25 Verm., 421. If the contemplated offense is a felony and is in fact consummated, the conspiracy is merged and ceases to exist as a separate and distinct offense. 2 Swift Dig., 359; *Commonwealth* v. *Kingsbury*, 5 Mass., 106; *Commonwealth* v. *Blackburn*, 1 Duvall, 4; *Elsey* v. *State*, 47 Ark., 572; Carson on Conspiracies, 138, 191, 223.

The question is not a merely technical one, but of substantial merit; and the charge and rulings of the court below resulted in serious injustice to the defendant. The court refusing to charge as requested, the jury consequently pronounced her guilty, and the court sentenced her to six months' imprisonment, and a fine of $200. We have therefore this state of affairs. A person who has stolen a

dozen neckties of the value of six dollars, for which offense the maximum penalty could have been only thirty days' imprisonment and seven dollars fine, is, because she planned and formed the intent to steal them in company with an associate, subjected to a term of imprisonment six times as long, and a fine nearly thirty times as great. And more than this, if the charge of the court was correct under which she was convicted of conspiracy, she might have been lawfully sentenced to five years' imprisonment in the state prison, and a fine of $500. Gen. Statutes, § 1642. And still further, having suffered this extreme penalty for the conspiracy, she would still be liable to a prosecution for the theft itself, and compelled to pay the severest penalty therefor; for it is evident that when informed against for the theft, it would be useless for her to plead a former conviction for the offense of conspiracy to commit the theft.

2. The court erred in imposing sentence. For conspiring to steal goods of the value of six dollars the accused was sentenced to six months' imprisonment and a fine of $200. For the theft itself she could only receive a sentence of thirty days' imprisonment and a fine of seven dollars. " It never can be maintained that an attempt to commit an offense should be punished with greater severity than if actually perpetrated. It is contrary to the genius of our laws, to the just proportion which it has been the endeavor of the legislature always to maintain between criminals and their punishments." *Scott* v. *The Commonwealth*, 6 Serg. & R., 226; *Hartman* v. *The Commonwealth*, 5 Penn. St., 60, 67. The latter case was one of conspiracy, and in referring to the former case with approval the court says :—" An attempt to commit an offense shall never be punished more severely than the perpetration of it. A conspiracy is even less than an attempt, and it was an error to impose on it a greater punishment than the statute law annexed to the offense itself."

*G. M. Gunn*, for the State, cited—*State* v. *Shepard*, 7 Conn., 54; *State* v. *Bradley*, 48 id., 535; *Commonwealth* v. *Dean*, 109 Mass., 349; *Regina* v. *Button*, 11 Queen's Bench, 929.

ANDREWS, C. J.   The appellant, together with one Mary Reese, was informed against in the criminal side of the Court of Common Pleas in New Haven County for the offense of conspiracy.   The information charged "that on or about the third day of April, 1889, at the city of New Haven, Mary Reese and Jennie Setter, both transient persons temporarily residing in said city, with force and arms did then and there wickedly, designing and intending to commit the crime of theft therein, fraudulently, maliciously and unlawfully conspire, combine, confederate and agree together between themselves to enter, and did enter, the store of F. M. Brown & Company of said city of New Haven and there situate, in which store were deposited goods, wares and merchandise, the proper estate of the said F. M. Brown & Company, with intent then and there in the said store aforesaid to commit the crime of theft," &c.   In brief, the information charges that the persons therein named conspired to steal generally in the store of F. M. Brown & Co.—possibly all the goods in that store; at any rate so many of the goods as they might be able to lay their hands on.

The appellant had a separate trial, was convicted and sentenced, and has appealed to this court.   Upon her trial the State, for the purpose of proving the combination between herself and her companion, and for the purpose of proving the intent alleged, offered evidence which tended to show that the accused actually stole twelve neckties of the value of fifty cents each, in the store of F. M. Brown & Co. There was no evidence of any other stealing in the store.

The counsel for the appellant asked the court to instruct the jury as follows:—" Under the laws of this state a conspiracy to commit the crime of theft is a misdemeanor, while the crime of theft itself is a felony, and that the law is so that if the conspiracy is consummated and the theft is actually committed, then the conspiracy is merged in the theft and the accused cannot lawfully be convicted of conspiracy ; that where the felony is in fact committed a conspiracy to commit such felony cannot be indicted and punished as a distinct offense.   If you find, therefore, from the evidence, that the

crime which it is alleged the accused conspired to commit, to wit, the theft of the goods, the property of F. M. Brown & Co., was in fact consummated and the theft was actually committed, your verdict must be that the accused is not guilty of the offense for which she is now on trial." The court did not so charge the jury.

The only question argued before the court is, whether or not the crime of conspiring to steal, as set forth in the information, was merged in the crime of the actual theft of which evidence appeared on the trial. In the reasons of appeal the question is stated thus:—The court erred while stating to the jury that "if the overt act has been carried into execution and the offense has been punished once it cannot be punished a second time;" and in not also instructing the jury, as requested by the defendant, "that when the felony is in fact committed a conspiracy to commit such felony cannot be indicted and punished as a separate offense."

The broad claim of the appellant is, that if the crime to commit which the conspiracy is formed is actually committed, then the conspiracy is merged in the committed crime and ceases itself to be a crime at all. It is admitted, however, that if the contemplated crime be of that class of crimes called misdemeanors, the conspiracy is not merged; and that in a case where there is a conspiracy to commit a misdemeanor and the misdemeanor is actually committed, the offender may be punished for the conspiracy and for the misdemeanor also. But it is insisted that if the contemplated crime is of that class called felonies, then if the felony is actually committed the conspiracy is merged and no longer exists as a separate and distinct offense. Put in its simplest form the argument is this:—Conspiracy is a misdemeanor; theft is a felony; a misdemeanor is a less crime than a felony, and so in a case where there is a conspiracy to commit a theft, that crime being a felony, and the theft is actually committed, the less offense is merged in the greater.

Stated in this way the argument seems quite imposing. The force of the argument comes largely from the use of

the word "felony," and in giving to it the same meaning it had in the common law. Originally the term imported all those offenses of which the feudal consequence was the forfeiture of all the offender's land and goods; to which, in later times, capital or other punishment was sometimes added. In American law the word has no clearly defined meaning except as it is given a meaning by some statute. In Massachusetts there is a statute which enacts that any crime punishable by death or imprisonment in the state prison is a felony, and that no other crime shall be so considered. There is a similar statute in New York and in some of the other states. In Swift's System, published in the year 1796, (vol. 2, pages 384 and 385,) the learned author says:—"Felony, according to the English law, signifies some crime the punishment of which is a forfeiture of estate; but in common consideration it is a capital crime. In this state, in the title of two statutes, the word 'felonies' is used. * * * The word is never introduced into the body of any statute, and is applied to the description of crimes not capital and for which there is no forfeiture of estate. It is therefore apparent that this word cannot be used in the same sense and for the same crimes as in England; nor does it with precision comprehend any class or description of crimes. A word of such uncertain meaning ought to be banished from a code of laws, for nothing produces greater confusion and perplexity than the use of terms to which no precise and clear idea can be affixed. * * * The word 'feloniously' is used in indictments for all capital crimes and for many not capital, as for theft; but as 'felonious' in an indictment can mean nothing more than 'criminal' and does not designate the nature or the class of the crime, it may be deemed unnecessary and immaterial and ought to be exploded by our courts."

Since the time when Judge SWIFT wrote the word "felony" has disappeared from the statute, although the word "feloniously" is still used in indictments and informations. And while it is still true that this word does not with precision comprehend any class or description of crimes in Con-

necticut law, it may be pretty safely asserted that petty larceny is not a felony in this state.

The earliest American case cited by the counsel for the appellant in support of their claim of merger is *Commonwealth* v. *Kingsbury*, 5 Mass., 106. In that case the court say:—"We have considered this case and are of opinion that the misdemeanor is merged. Had the conspiracy not been effected it might have been punished as a distinct offense; but a contrivance to commit a felony and executing the contrivance cannot be punished as an offense distinct from the felony, because the contrivance is a part of the felony when committed pursuant to it. The law is the same respecting misdemeanors. An intent to commit a misdemeanor manifested by some overt act, is a misdemeanor, but if the intent be carried into execution the offender can be punished but for one offense."

This case is the authority given for the dictum in 2 Swift's Digest, page 359, and it is the leading if not the only authority for the decision in every one of the cases cited on the appellant's brief. It is noticeable that Judge SWIFT, while giving the case above named as authority for the law that a conspiracy merges in a felony, in almost the very next sentence on the same page repudiates that case, so far as it says that a conspiracy will merge in a misdemeanor, although the reasons given by the judge who gave the opinion in that case for the merger in a misdemeanor are the same as for a felony. In this respect all the cases cited follow Judge SWIFT. They reject the reasoning in the Massachusetts case when it applies to a misdemeanor, and adopt it when it applies to a felony.

Mr. Bishop in his Treatise on the Criminal Law, 7th edition, section 814, after discussing the rule that a conspiracy merges in a felony, remarks:—"The doctrine, the reader perceives, is contrary to just principle; it has been rejected in England, and though there may be states in which it is binding on the courts, it is not to be deemed the general American law." Prof. Wheaton, Crim. Law, 8th ed., section 1344, says:—"The technical rule that a misdemeanor always sinks in the felony

when the two meet, has in some instances been recognized in this country, though without good reason. * * * And in several of our courts a disposition has been exhibited to reject the doctrine in all cases." See cases cited below.

In England the doctrine that a conspiracy to commit a felony is merged in the felony itself, has been expressly rejected. Lord DENMAN, in rendering the judgment of the Court of Queen's Bench in *Regina* v. *Button*, 11 Queen's Bench, 929, said:—"A misdemeanor which is a part of a felony may be prosecuted as a misdemeanor, though the felony has been completed." The case was one where the defendants were charged with a conspiracy to commit a theft, and the evidence tended to show that the theft had been actually committed. *Regina* v. *Neale*, 1 Denison's Crown Cas., 36, is to the same effect.

If a conspiracy to commit a felony is regarded as an attempt to commit that felony, then the authorities very largely preponderate to the effect that there is no merger. *State* v. *Shepard*, 7 Conn., 54; *Commonwealth* v. *Walker*, 108 Mass., 309; *Commonwealth* v. *Dean*, 109 Mass., 349; *Barnett* v. *The People*, 54 Ill., 325; *Bonsall* v. *The State*, 35 Ind., 460; *The People* v. *Bristol*, 23 Mich., 118; *The People* v. *Smith*, 57 Barb., 46; *Commonwealth* v. *McPike*, 3 Cush., 181.

That one criminal offense may sometimes be merged in another is doubtless true. The principles upon which the doctrine of merger seems to rest are that the offense merged is lesser than the one in which it is merged, and that the ingredients of the smaller one are so identical with the ingredients of the larger that when both have been committed they cannot in reason and justice be separated; so that to punish an accused in such a case for both offenses would be in effect to punish the same act twice. In the case above cited of *Commonwealth* v. *Kingsbury*, the reasons given seem to treat the conspiracy as the beginning of the very act the ending of which was the felony or the misdemeanor. "There is at common law a wide distinction between a felony and a misdemeanor. It affects alike the punishment, the proced-

ure, and several rules governing the crime itself. Out of the distinction grows the doctrine that the same precise act viewed with reference to the same consequences, cannot be both a felony and a misdemeanor,—a doctrine which applies only when the same precise act constitutes both offenses." 1 Bishop Cr. Law, (7th ed.,) section 787.

"It is supposed that a conspiracy to commit a crime is merged in the crime when the conspiracy is executed. This may be so when the crime is of a higher grade than the conspiracy and the object of the conspiracy is fully accomplished; but a conspiracy is only a misdemeanor, and when its object is only to commit a misdemeanor it cannot be merged. When two crimes are of equal grade there can be no legal technical merger." *The People* v. *Mather,* 4 Wend., 265.

To make these principles available for the appellant it must be shown that the conspiracy of which she was convicted is a crime of a lesser grade than the larceny which she claims was proved. In the absence of statutory graduation there is no test by which to determine the grade of crimes other than the punishment which may be inflicted. Conspiracy may be punished by imprisonment in the state prison for a term not exceeding five years and by a fine not exceeding five hundred dollars. Larceny to any value less than fifteen dollars can be punished by no more than thirty days in the county jail and a fine of not more than seven dollars. By this test conspiracy is much the greater crime.

Nor are the ingredients of conspiracy the same as of theft. Theft may be committed by one person as well as by two or more; it requires some physical act in the nature of a trespass by which the possession of the thing stolen is taken from the owner, and the act must be accompanied by the intent of the thief to deprive the owner of his property. On the other hand conspiracy cannot be committed except by two or more persons. It is the agreeing or confederating together by two or more persons to commit some crime or misdemeanor. Such confederation or agreement is itself the offense. Unlike theft no overt act is necessary, the unlawful agreement makes the crime, and it is complete the moment

the agreement is entered into. *State* v. *Glidden*, 55 Conn., 46; *Commonwealth* v. *Eastman*, 1 Cush., 228. Its legal character depends neither upon that which actually follows it nor upon that which is intended to follow it; it is the same whether its object be accomplished or abandoned. It may be followed by one overt act, or a series, but as an offense it is complete without them. *Rex* v. *Rispal*, 3 Burrow, 1320; *Rex* v. *Kimberty*, 1 Levins, 62. It is an offense falling within that part of the criminal law which seeks to prevent the commission of crimes. " The unlawful confederacy is therefore punished to prevent the doing of any act in the execution of it." 2 Swift's Digest, 350. It is a distinct offense well known to the criminal law, depending upon clear principles, and having characteristics and ingredients which separate it from all other crimes; an offense the criminality of which is not to be measured by the criminality of its object. Amos's Science of Law, 256. " The confederacy of several persons to effect any injurious object creates such a new and additional power to cause injury as requires criminal restraint, although none would be necessary were the same thing proposed or even attempted to be done by any person singly. A solitary offender may be easily detected and punished. But combinations against law are always dangerous to the public peace and to private security. To guard against the union of numbers to effect an unlawful design is not easy and to detect and punish them is often difficult." *Commonwealth* v. *Judd*, 2 Mass., 137.

Upon the whole examination we are of opinion, upon principle as well as upon authority, that this conviction for a conspiracy to commit theft ought to be sustained, although the evidence by which it was proved, proved also that the theft had been actually committed.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.