THE STATE OF CONNECTICUT *vs.* SALVATORE CORROLLA.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 21st—decided April 6th, 1931.

*Thomas R. FitzSimmons* and *Philip R. Pastore,* for the appellant (the accused).

*Samuel E. Hoyt,* State's Attorney, with whom, on the brief, was *Abraham S. Ullman,* for the appellee (the State).

AVERY, J.   On the trial of this case to the jury, the State offered evidence to prove, and claimed it had proved, that on June 29th, 1930, one Ruggiero, the owner of a Hudson sedan, left it, in the evening of that day, in front of Carroll's Tavern, in the town of West Haven.   At about two o'clock in the morning following, the owner returned to the place where he had left the automobile, and it was not there.   He had given no one permission to take it.   In the automobile was a jack.   About an hour later, a detective of the New Haven police department saw the car standing on Liberty Street, in the city of New Haven, a short distance from Washington Avenue.   A few minutes prior to seeing the car, the detective saw the accused, Corrolla, and one Martin Pinto on Washington Avenue, about two hundred feet away from the car.   The accused, Corrolla, and Pinto were observed by the detective looking into windows on Washington Avenue, and were stopped and interrogated.   At that time, there was found upon Pinto, among other things, a jack handle, and a memorandum book with the name Frank Manning written therein.   Pinto, at that time, stated to the detective that his name was Frank Manning, and that he had found the jack

handle lying on Liberty Street, in the road. The accused, Corrolla, and Pinto were then taken to police headquarters and questioned with regard to certain burglaries, and while there, a call was received by one of the police officers to the effect that the Hudson sedan, belonging to Ruggiero, had been found on Liberty Street by a police officer. The car was found on Liberty Street about twenty minutes after it had been observed there by the detective, and when found its hood was warm. At the police station, after the call was received by the detective to the effect that the Hudson sedan, belonging to Ruggiero, had been found on Liberty Street, the accused, Corrolla, in the presence of Pinto said that Pinto's name was not Frank Manning, but Martin Pinto, and that they had taken the car from in front of Carroll's Tavern, and had left it on Liberty Street where Pinto's brother-in-law could get it.

The accused offered evidence to prove, and claimed that he had proved, that on the 29th of June, at no time was he in the vicinity of Carroll's Restaurant. He denied making any statement to the detectives admitting the theft, and, by way of explaining his presence with Pinto on Washington Avenue, claimed that he was proceeding from his home toward the center of the city, and that he had made an appointment to meet Pinto on Washington Avenue, for the purpose of catching an early train to Stamford, at which place they proposed to endeavor to secure employment.

The accused, Corrolla, and Pinto were tried together on independent informations. They were each represented at the trial by separate counsel. Upon completion of the evidence offered by the State, counsel for Corolla made a motion for the discharge of his client, upon the ground that the State had failed to

legally establish the guilt of the accused of the offense charged in the information. The court denied this motion, and, at the same time, inquired of counsel, "If the jury should fail to find the intent necessary to constitute theft, may it find them guilty of taking the car without permission?" To this inquiry, the State's Attorney responded, "Yes." Counsel for Pinto objected to this and claimed that the accused were being tried on an information charging theft.

Thereafter, the court charged the jury; and, in the course of its remarks, the court, in explaining the element of intent necessary to constitute the crime of theft, used the following language: "That is, as I said before, it must be the intent to deprive the owner of his ownership in the car. If that intent does not exist, it is then simply a violation of another statute which the legislature has passed, namely, the taking and using of a motor vehicle of another without the permission of the owner. One who does that with no intent to deprive the owner of his ownership has not committed theft. He has committed the other crime with which he is not charged here." The appeal of the accused is based upon this part of the court's charge, the point raised by the assignments of error being that the court erred in failing to give to the jury instructions as to Public Acts of 1927, Chapter 196, General Statutes, 1930, § 1589, which provides a penalty for operating or using a motor car without the consent of the owner. The claim of the accused is that he might have been found guilty under this statute, and that prejudicial error was committed by the court in failing to instruct thereon, and in stating to the jury that the accused was not charged with that offense.

The information charged the accused in one count with the theft of a motor vehicle, under Chapter 194

of the Public Acts of 1921, General Statutes, 1930, § 6115, which provides a penalty for "any person who shall steal any motor vehicle." Public Acts of 1927, Chapter 196, provides as follows: "No person shall operate or use, or cause to be operated or used, any motor vehicle unless he shall have the consent of the owner." The accused was not charged in the information with the latter offense. This statute penalizes the operation or use of a motor vehicle without the consent of the owner. It is legally possible for one to be guilty of operating a motor vehicle without the consent of the owner although there is not present that felonious intent which is a necessary element in the crime of theft; *State* v. *Enanno,* 96 Conn. 420, 422, 114 Atl. 386; on the other hand, it is legally possible for a motor vehicle to be stolen without its being operated or used. A disabled motorcycle, incapable of operation, might be stolen and taken away on a truck, and the crime of theft committed without any operation or use thereof. As the crimes of theft of a motor vehicle and operating one without the consent of the owner are distinct offenses, and the latter crime is not a necessary ingredient of the former, a conviction of one might be had upon different evidence than that which would be necessary to require a conviction upon the other. There is no identity between the two offenses and the accused could not have been legally convicted of the crime of operating a motor vehicle without the consent of the owner upon the information in this case charging theft. *State* v. *Andrews,* 108 Conn. 209, 214, 142 Atl. 840, 16 Corpus Juris, 264; *State* v. *Setter,* 57 Conn. 461, 469, 18 Atl. 782.

It follows that the trial court correctly stated to the jury that the accused was charged with the crime

of theft of an automobile and not with the other crime.

There is no error.

In this opinion the other judges concurred.