## STATE OF CONNECTICUT
*vs.*
## GREGORY REDMOND

Superior Court        New Haven County        File No. 7316

MEMORANDUM FILED`JANUARY 2, 1942.

*Abraham S. Ullman,* State's Attorney, and *Arthur T. Gorman,* Assistant State's Attorney, for the State.

*Thomas R. Robinson,* Public Defender, of New Haven, for the Defendant.

KING, J.   Gregory Redmond was tried to the court on an information (File No. 7111) containing three counts. The only count material to the present proceeding was the third, which charged him with carrying ·on his person, on November 30, 1940, a deadly weapon without a permit therefor in violation of section 1443e of the 1939 Supplement to the General Statutes.   On this count he was found not guilty.

He has now been charged in a new information (File No.

7316) in two counts, the only count material to the present proceeding being the first, which charges him with knowingly having in a motor vehicle occupied by him, on November 30, 1940, a certain pistol without a proper permit therefor, in violation of section 1010c of the 1935 Cumulative Supplement to the General Statutes.

The accused now pleads his former acquittal in bar because (1) the two offenses are the same, and (2) the present offense was merged in the former offense.

Although the State, by its plea, has joined issue, counsel have briefed the question as though the State had interposed a demurrer, thus leaving the decision to be made as matter of law on the pleadings. The brief of the accused is technically inaccurate in referring to the former crime as a violation of the provisions of section 6219 of the General Statutes, Revision of 1930; that statute was amended in 1937 so that the State's brief is correct in referring to the former crime as a violation of section 1443e of the 1939 Cumulative Supplement to the General Statutes. Absolute precision of statement would limit the conviction to the crime described in subdivision (a) of section 1443e.

It may, and in fairness to the accused should, be assumed that the "pistol" and "deadly weapon" are one and the same instrument.

The two crimes are not the same, but are distinct for at least two reasons. (a) One could not be convicted of the present charge upon proof of merely the essential ingredients of the former. There is required in the present charge the additional element of the motor car. (b) The converse of the proposition also holds true. Proof of the essential elements of the present charge would not have sufficed for a conviction of the former crime. There was in the former charge the added element that the pistol must have been carried upon the person.

It is thus apparent that the two crimes, as such, are separate and distinct in that each has an essential element not present in the other. *Wilson vs. State,* 24 Conn. 57, 63; *State vs. Andrews,* 108 id. 209, 214; 15 *Am. Jur. Criminal Law* §392.

The word "merger" as used in matters such as involved here seems to have two somewhat different connotations. It may

refer to the common-law rule that a merger occurs when the same criminal act constitutes two offenses, one of which is a felony and the other a misdemeanor. No merger, in this sense, occurs if both crimes are felonies, or both misdemeanors. *State vs. Andrews, supra,* p. 215.

In the first place, of course, as already pointed out, the criminal acts are not the same. But even without this factor, there would be no merger.

It is probably true that in Connecticut it is practically impossible to state, with any certainty, what a felony is. *State vs. Setter,* 57 Conn. 461, 466; *Fimara vs. Garner,* 86 id. 434, 436.

However, it is clear enough that whatever may be the distinction, if indeed any definable distinction exists in this State, between a felony and a misdemeanor, the penalties and general moral characteristics of the two crimes involved here are so nearly identical that both must necessarily be either felonies or both misdemeanors. One can suit himself as to the category. The important point is that they fall into the same category, whichever it may be.

In this sense there is no merger.

The term "merger" is also used to refer to the rule of law that, even though two crimes are not identical, the acquittal or conviction of the one, will, in the case of certain crimes, operate as a bar to a prosecution for the commission of the other. It is claimed that the situation here is one in which the rule so applies. The underlying reason for the rule governing mergers in situations of this kind is the refusal of the law to allow a person to be twice put in jeopardy (that is, tried) for the same offense. *Wilson vs. State, supra,* p. 62.

A merger, in this sense, occurs when "the one crime must be an ingredient of the other." *State vs. Andrews, supra,* p. 214.

Such a merger occurs when there has been a trial for a crime which contains all of the essential elements of the crime subsequently charged, even though it contains elements not included in the crime subsequently charged. *State vs. Corrolla,* 113 Conn. 103, 107. This applies where the trial has been for a crime greater in the number of essential elements than the crime subsequently charged, as in the case of a trial for

murder and a subsequent charge of manslaughter. Murder, of course, contains all of the essential elements of manslaughter.

While the rule is perhaps not as well established, such a merger also occurs when there has been a trial for a crime which, even if it does not contain all of the essential elements of the crime subsequently charged, contains no essential element not included in the crime subsequently charged. *State vs. Shepard,* 7 Conn. 54, 55. This applies where the trial has been for a crime less in the number of essential elements than the crime subsequently charged, as where there has been a trial for manslaughter and a subsequent charge of murder. Manslaughter, of course, contains no element not included in the crime of murder, although it lacks the element of malice essential to the crime of murder.

In the instant case the crime for which Redmond was tried does not contain all of the essential elements of the crime with which he is now charged. The element of the motor car is lacking.

Again, the crime for which the accused was tried not only does not contain all of the essential elements of the crime with which he is now charged, but it also contained an essential element (carrying on the person) not involved in the present crime at all.

Thus under no accepted test could a merger be found to exist in this case.

For the foregoing reasons the plea in bar must fail, both on the claim of identity of offense, and also on the claim of merger, in whichever sense the word merger was used.

The plea in bar is overruled, denied and dismissed.