## State of Vermont v. Richard Dolph Mecier

[ 227 A.2d 298 ]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

██ 

*Robert E. West,* State's Attorney, for State.

*Roger D. Bartels* and *Peter Forbes Langrock* for respondent.

**Smith, J.** On May 17, 1963, the respondent, Richard Dolph Mecier, was arraigned in the Rutland County Court charged with burglary in the nighttime under the provisions of 13 V.S.A. Sec. 1201. He entered a plea of not guilty to the information that follows:

> "Richard Dolph Mecier, of Rutland, in said County of Rutland, on or about the sixth day of February, 1963, at said Town of Rutland, did then and there in the nighttime break and enter a building, to wit, the 19th Green Restaurant, so-called, in which personal property, the subject of larceny, was situated, with the intent to commit larceny."

Following his plea of not guilty, the respondent was released on bail. Trial of the cause was not had until May 24-26, 1965, in the Rutland County Court. Upon trial, the jury returned a verdict of guilty and judgment was entered on the verdict. Respondent has taken timely appeal to this Court and has briefed a number of issues for our consideration.

In our consideration of this cause, we are placed at a disadvantage because of the failure of the State to file a written brief, relying only upon oral argument to answer the brief of the respondent.

██ The respondent has briefed various questions raised below, including some of constitutional nature. However, we will first consider respondent's exception to the denial of his motion for a directed verdict of acquittal on the ground that the evidence taken in the light most favorable to the State, was insufficient to support a verdict of guilty beyond a reasonable doubt. Our well established rule is that we will not pass upon constitutional questions unless it is necessary to a final determination of the case. *Hanley* v. *United Steel Workers,* 119 Vt. 187, 193, 122 A.2d 872.

The only witness offered by the State connecting the respondent with the burglary of the 19th Green Restaurant was one Joseph R. Mailhiot. Mailhiot, at the time of trial, was an inmate of the State Prison at Windsor, having been sentenced on his plea of guilty to the burglary in which the respondent was claimed to be a principal.

The testimony of Mailhiot was varying and contradictory during the various periods he was under direct and cross-examination during the trial. Viewing his evidence in the light most favorable to the State, which we are required to do, we. now summarize his testimony.

Mecier, Mailhiot and a Bennie Davis were, in the words of Mailhiot "just riding around" on the night of Feb. 6, 1963. The three of them had no plans to rob the 19th Green Restaurant, nor was any such scheme discussed with Mecier then, or at any previous time.

There came a time when the three were riding in Mecier's car that Mailhiot and Davis left the car near the Restaurant involved here, but Mecier drove away. Mailhiot and Davis proceeded to break into the Restaurant, took a quantity of cash and some liquor, and returned to the highway. At some point in the highway they again encountered Mecier and he drove them to Rutland.

In the information against him, the respondent was charged as a principal in the commission of the burglary. "A person who aids in the commission of any offense punishable by death or imprisonment in the state prison shall be punished as a principal." 13 V.S.A. §3.

The evidence, as stated above, taken in the light most favorable to the State, shows only the presence of the respondent at the scene of the crime. But, "presence at the scene of the crime is not alone sufficient to establish participation, or aiding or abetting, unless there is something to show that the person so present in some way had procured or incited or encouraged the act done by the principal perpetrator, yet where such presence is by preconcert with the design to encourage, incite or if it should become necessary, to render assistance, then, even though no particular act is shown, there is participation." *State* v. *Orlandi et al,* 106 Vt. 165, 171, 170 Atl. 908.

Lacking in the record before us is any evidence that this respondent encouraged or incited the burglary committed. at the

Restaurant. The evidence is that there was a lack of any preconceived plan, in which the respondent joined, to burglarize the Restaurant. The evidence is also that at the time that the crime was committed, the respondent was not present so that he obviously could not have rendered assistance to the perpetrators of the burglary. The fact that the respondent took Mailhiot and Davis to the scene of the crime, and later picked them up near the scene and carried them to Rutland certainly links the respondent to the crime by strong suspicion, but suspicion, however strong, will not take the place of evidence supporting his participation in the burglary. *State* v. *Aldrich,* 122 Vt. 416, 175 A.2d 809, *State* v. *Hart,* 119 Vt. 54, 58, 117 A.2d 387.

The most that can be said of the evidence which we have above pointed out is that the respondent may have aided Mailhiot and Davis in the commission of the burglary. But the respondent was not charged with being an accessory or aiding in the commission of the crime by his two companions. Here the respondent was charged with having committed the burglary, and the evidence to convict the respondent of this charge is wholly lacking. "A verdict of acquittal should be directed on motion by the respondent, when the evidence raises only a suspicion of guilt, or leaves it uncertain or dependent upon conjecture." *State* v. *Sanford,* 118 Vt. 242, 244, 108 A.2d 516.

In view of the entry to follow, it is unnecessary for this Court to consider the other questions briefed here by the respondent. The order of the Rutland County Court denying the motion of the respondent for a directed verdict at the close of all evidence in the cause below, is reversed, and the respondent is discharged.