# State of Vermont v. Fred Daniel Nicasio

[385 A.2d 1096]

No. 55-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Dale O. Gray,* Caledonia County State's Attorney, and *Louis J. Cattani,* Deputy State's Attorney, St. Johnsbury, for Plaintiff.

*Arthur H. Johnson,* St. Johnsbury, for Defendant.

Larrow, J. In a rather unique case, respondent Nicasio was tried below on two informations, one charging him with grand larceny of a motor vehicle under 13 V.S.A. § 2501, and the other with burglary in the nighttime, in violation of 13 V.S.A. § 1201. He was acquitted on each charge, but on the first he was found guilty of operating an automobile without the consent of the owner, under 23 V.S.A. § 1094. On the second, he was found guilty of unlawful trespass under 13 V.S.A. § 3705. In each instance, by court instruction, the conviction was for a lesser included offense. V.R.Cr.P. 31(c); *State* v. *Margie*, 119 Vt. 137, 140, 120 A.2d 807, 809 (1956). Respondent appeals each conviction upon the ground that his motions for acquittal should have been granted, and the further ground that an admission by him was improperly received into evidence instead of being suppressed on his motion therefor. We consider first the motions for judgment of acquittal, because if granted they would be completely dispositive of the case.

The first conviction, that for operating a motor vehicle without the consent of the owner, gives us little pause. It was improperly submitted for the consideration of the jury. It is not necessarily included within the greater offense, grand larceny of an automobile, with which the respondent was charged. Operation, or causing to be operated, is an essential element of the statutory offense created by 23 V.S.A. § 1094; conviction under that statute, without that element, is not supportable. But it is not an essential element of 13 V.S.A. § 2501, which punishes stealing from the actual or constructive possession of another money, goods and the like over $100.00 in value. Common knowledge confirms that there are many ways of stealing a motor vehicle without operating it or causing it to be operated. Every day we see vehicles being towed upon our highways. Drive-away rigs, capable of transporting several vehicles at once, frequent our roads. Transportation of one vehicle upon another is far from uncommon. There is no identity between the two offenses; asportation does not necessarily involve operation or driving. *State* v. *Corrolla*, 113 Conn. 103, 154 A. 152 (1931); *Ashby* v. *State*, 24 Ala. App. 466, 136 So. 483 (1931); *State* v. *Jackson*, 101 Ariz. 399,

420 P.2d 270 (1966); *People* v. *Thomas,* 58 Cal. 2d 121, 373 P.2d 97, 23 Cal. Rptr. 161 (1962); *State* v. *Wall,* 271 N.C. 675, 157 S.E.2d 363 (1967); *Tillman* v. *State,* 82 Okla. Crim. 276, 169 P.2d 223 (1946). Contra, *State* v. *Hawkins,* 203 N.W.2d 555 (Iowa 1973). The record leaves us in some confusion as to whether this issue was squarely presented to the trial court, but we deem it of sufficient magnitude for notice here in any event, under V.R.Cr.P. 52(b) and *State* v. *Morrill,* 127 Vt. 506, 253 A.2d 142 (1969), as "plain" or "egregious" error. The conviction below for operating a motor vehicle without the consent of the owner cannot stand; it could not stand even had there been evidence of actual operation, because the offense is not one necessarily included within the offense charged in the State's information. The motion for judgment of acquittal should have been granted, and we grant it here.

 The second conviction, for unlawful trespass, requires more analysis. Essentially, the offense involved was the taking of a Porsche automobile from a dealer's lot, after respondent's companion, one Bowden, had forced entry into the garage and stolen a set of keys. Considering the evidence in the light most favorable to the State, and without the admission by respondent that was objected to, the evidence of respondent's active participation was far from overwhelming. He did not enter the building; he claimed that he tried to dissuade Bowden; he remained some distance away during the entry, "ducking" when headlights approached. He entered the car and rode with Bowden after Bowden had stolen it; he joined in an attempt to leave their college in the Porsche. From this the State argues that the jury was justified in finding that respondent was not only present at the scene, with knowledge of Bowden's criminal objective, but was also guilty of "participation in its accomplishment to some substantial measure," thus making him an accessory before the fact, punishable as a principal under 13 V.S.A. § 4. *State* v. *Sears,* 130 Vt. 379, 382, 296 A.2d 218, 220 (1972); *State* v. *Orlandi,* 106 Vt. 165, 170 A. 908 (1934). *State* v. *Mecier,* 126 Vt. 260, 227 A.2d 298 (1967), is distinguished because the respondent there had no knowledge of his companions' pur-

pose and did nothing to render assistance therein. Here, the State argues, upon the totality of the evidence the jury was justified in finding that respondent, even with qualms about the project, elected to act as a "lookout" rather than abandoning the project as he could have without consequences. The question is a close one, but we are inclined to agree. Much of the evidence was highly circumstantial, but the "ducking" was admitted by the respondent in a statement received in evidence without objection. We find no error in submission to the jury of the lesser included offense of unlawful trespass, entering a building other than a residence whose normal access is locked, and no error in denying respondent's motion for acquittal. This conviction would be sustainable absent error in the reception of the admission complained of.

Two grounds of error are assigned in the refusal to suppress admissions of the respondent, made to a state police officer. The first is constitutional, violation of *Miranda* v. *Arizona*, 384 U.S. 436 (1966), and its progeny, by cajolement or persistence in interrogation after respondent, given the appropriate warnings, had indicated a desire for counsel. The second is statutory, a claimed failure to comply with 13 V.S.A. § 5234(a). We consider first the statutory claim.

In substance § 5234(a) applies to the right of a person being detained by a law enforcement officer without charge or judicial process or charged with committing or detained under conviction for a serious crime, under conditions in which a person with his own counsel would be entitled to be represented, to be informed of his right to any attorney, and of the right of a needy person to be represented at public expense. It requires the officer, at the commencement of detention, to notify the appropriate public defender if the person has no attorney and does not effectively waive his right to one. The State does not claim that such notice was given here, but argues that it was not required, because, under § 5236(a), determination of financial need of a respondent is to be deferred until his first court appearance or in suit for payment or reimbursement, whichever first occurs. The trial court evidently construed these provisions, read together, as placing upon respondent the onus of requesting that a public defender be notified. We disagree with both positions.

The pertinent facts are not disputed. At the time the admissions complained of were made, the informations charging respondent with serious crime already had been issued. Thus "judicial proceedings" and "adversary proceedings" clearly had been commenced, and the right to counsel had attached. *Brewer* v. *Williams,* 430 U.S. 387, 398, 401 (1977). There had been no waiver of respondent's right to counsel at the "commencement of detention."

■ Under these circumstances, we consider the mandate for notification of the public defender to be applicable. No determination of need had to be made by the enforcement officer. That determination can, as the State argues, wait upon respondent's first court appearance, under § 5236(a). To require the enforcement officer, often completely ignorant of the case except for the warrant in his hand, to determine on the spot the financial need of a respondent or its absence, and to honor his right to have an attorney notified only if he finds indigency, would subvert the whole purpose of the statute. Read as a whole, we find the statutory policy to be one of requiring notice to a public defender absent other representation, with a later determination of need or its absence, and reimbursement if indicated. Only so read can the duty to furnish counsel to persons accused of serious crime and unable to afford their own attorney be effectively safeguarded. And, while the statute provides no penalty for noncompliance, the policy reasons underlying *Miranda* and its subsequent cases require suppression of any statement obtained otherwise than by statutory compliance. The statement in question should have been suppressed; the failure to suppress is reversible error.

By so holding, we are not required to pass upon respondent's claim of noncompliance with the *Miranda* rule. Our failure to consider this issue is not to be construed as holding respondent's claim with respect to it to be without merit.

*In Docket No. 339-75Cacr, the not guilty judgment is affirmed, the guilty judgment vacated, and a judgment of acquittal is entered.*

*In Docket No. 338-75Cacr, the not guilty judgment is affirmed, the guilty judgment is reversed, and the cause is*

*remanded, with direction that, in the event of further proceedings, respondent's motion to suppress his written statement of May 15, 1975, be granted.*