### State of Vermont v. Frank K. Bourn

[421 A.2d 1281]

No. 221-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 8, 1980

*David T. Suntag*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff,

*John J. Welch, Jr.*, Rutland, for Defendant.

**Billings, J.** The defendant was charged and convicted below for sexual assault. 13 V.S.A. § 3252(1)(A). On appeal his sole claim of error is that he was denied a fair trial because the trial court refused to instruct the jury on the elements of simple assault under 13 V.S.A. § 1023(a)(1). The thrust of the defendant's argument is that simple assault is a lesser included offense of sexual assault.

In order for a defendant to be entitled to jury instructions on a lesser offense than that for which he is charged, the elements of the lesser offense must necessarily be included within the greater offense. See *State* v. *Nicasio*, 136 Vt. 162, 163–64, 385 A.2d 1096, 1097 (1978); V.R.Cr.P. 31(c). See also *Brown* v. *Ohio*, 432 U.S. 161, 166 (1977); *Sansone* v. *United States*, 380 U.S. 343, 349 (1965); *Block-burger* v. *United States*, 284 U.S. 299, 304 (1932); *Gavieres* v. *United States*, 220 U.S. 338, 342–43 (1911). But see *Beck* v. *Alabama*, 100 S. Ct. 2382, 2390 n.14 (1980) (due process

although implicitly recognized has not yet been held to require the instruction of the lesser offense). As the Supreme Court has recently stated, "[t]he mere possibility that the State will seek to rely on all of the ingredients necessarily included in the [lesser] offense to establish an element of its [greater offense] case would not be sufficient to bar the latter prosecution" under the double jeopardy clause of the Fifth Amendment to the United States Constitution. *Illinois v. Vitale*, 100 S. Ct. 2260, 2267 (1980). The lesser offense is included in the greater only if each of its elements "is always a necessary element of" the greater offense. *Id.*; accord, *State v. Nicasio, supra*, 136 Vt. at 162–63, 385 A.2d at 1097. While the instant case does not raise double jeopardy problems, we apply the same analysis in order to ascertain whether a defendant is entitled to jury instructions on lesser offenses pursuant to V.R.Cr.P. 31(c).

A person is guilty of sexual assault under 13 V.S.A. § 3252(1)(A) if he or she "engages in a sexual act with another person, other than a spouse, and [c]ompels the other person to participate in a sexual act [w]ithout the consent of the other person." The sexual act here involved "means conduct between persons consisting of contact between the penis and the vulva." 13 V.S.A. § 3251(1). "A person is guilty of simple assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another." 13 V.S.A. § 1023(a)(1). "'Bodily injury' means physical pain, illness or any impairment of physical condition." 13 V.S.A. § 1021(1).

■ Simple assault under 13 V.S.A. § 1023(a)(1) requires an act or attempt to cause "bodily injury," which, it is argued, in this case means the infliction of some "impairment of physical condition," as defined by 13 V.S.A. § 1021(1). The sexual assault charge here requires proof merely of nonconsensual "contact." The plain, ordinary meaning of the language of à statute is presumed to be intended, and where the meaning is plain the courts must enforce the statute according to its terms. *Camp v. Department of Motor Vehicles*, 131 Vt. 536, 538, 310 A.2d 35, 38 (1973). The plain and ordinary meaning of the word "contact" when used in the context of nonconsensual relations is mere touching, however

slight. The Restatement of Torts § 18, comment (1)(d), states that for the purposes of defining common law battery, the phrase "contact with another's person" refers to the "invasion of the inviolability of his person and not [to] any physical harm done to his body." To require here that "contact" amount to an "impairment" of the victim's physical condition would be an unwarranted enlargement of the scope of the statutory language of 13 V.S.A. § 3252.

■ Moreover, the clear legislative intent behind the sexual assault statute is that the criminal nature of the conduct stems from the aggressive violation of the sanctity of the human body and the consequent destruction of the victim's self-worth. See Journal of the House 548 (1977). Given this intent it is incumbent upon this Court to avoid a construction of the sexual assault statute which would increase the quantum of proof necessary to establish the physical act of violation addressed by the statute. In construing the statute we have determined the real meaning and purpose of the legislature, and our construction must carry it into effect here. See *State* v. *Mastaler*, 130 Vt. 44, 50–51, 285 A.2d 776, 780 (1971).

Similarly, 13 V.S.A. § 1021(1) cannot be construed as defining "bodily injury" as a mere touching. While this Court has declined to construe the phrase "any impairment" as used in the definition of bodily injury under this section to require some permanent damage to bodily tissues, see *State* v. *Blakeney*, 137 Vt. 495, 500, 408 A.2d 636, 639 (1979) (occlusion of the trachea), we are not convinced that the slightest touching would constitute "any impairment" of a person's physical condition as intended by § 1021(1). Clearly, since we have defined "contact" to be a mere touching, it would be inconsistent to interpret it to mean conduct which necessarily results in pain or illness. And, if the legislature intended "bodily injury" to mean mere touching, it would have been unnecessary for it to have included within its definition, even in the disjunctive, pain or illness, since the slightest touching or attempted touching would suffice in imposing criminal sanctions for the conduct.

■ Inasmuch as simple assault requires proof of bodily injury or an attempt to cause it, it includes an element not

identical with or always necessarily an element of sexual assault under 13 V.S.A. § 3252(1)(A). The defendant, therefore, was not entitled to the jury instruction on simple assault. See *State* v. *Nicasio, supra.*

*Affirmed.*