## State of Vermont v. Richard Sears

[296 A.2d 220]

No. 114-69

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Theodore R. Barnett,* State's Attorney, for Plaintiff.

*Stackpole & Amidon,* Stowe, for Defendant.

**Barney, J.** The respondent was charged and convicted as a principal in the felony of obtaining money by false token, under the provisions of 13 V.S.A. § 2002. A bill of particulars was sought by the respondent when charged, and duly furnished. A motion to quash the information was then filed on the single basis that the information failed to allege that the respondent obtained any money in the episode. This motion was denied and the matter proceeded to trial. At the presentation of this motion the respondent raised the issue that if the proof developed that he was only an aider and abettor, a conviction on that evidence could not stand, since he was charged as a principal in the information. This issue has become the single concern of the appeal, raised by challenge to the court's charge and by motion in arrest of judgment.

The testimony before the jury developed the following facts: A certain Mrs. Paquette was summoned by telephone by

the respondent to meet him and some others to go out the following day to cash some checks. The meeting took place and Mrs. Paquette and the respondent were furnished with some blank checks belonging to a certain L & F Construction Company. The company had lost these checks through an earlier burglary. Mrs. Paquette was in possession of identification papers in the name of Jane Evelti. It was decided that she and the respondent would enter the stores, posing as the Eveltis, and see to the cashing of the checks. Any proceeds were to be divided, half to Mrs. Paquette and the respondent, and half to the others. Mrs. Paquette and the respondent were well acquainted, since they had lived together at some previous time.

The party then travelled from store to store by car, and, after some previous failures, finally cashed a $96.58 check payable to John Evelti, signed in the name of Henry Lane. The L & F Construction Company had no employees by the name of either John Evelti or Henry Lane. The actual presentation of the check to the store cashier was made by Mrs. Paquette, although the respondent was in the store with her, but was standing some distance away when the check was cashed. The two of them then left the store and entered the car with the others, and were promptly apprehended by the police upon a call from the store manager. At the time of his arrest the respondent had in his possession a social security card bearing the name Jane M. Evelti.

By statute, 13 V.S.A. § 4, one who is an accessory before the fact may be informed against, tried, convicted and punished as a principal. 13 V.S.A. § 3 provides only that one who aids in the commission of a felony shall be punished as a principal. 13 V.S.A. § 4 has been held to place accessories before the fact upon the same grade as principals in felonies just as in misdemeanors. *State* v. *Marsh,* 70 Vt. 288, 303–04, 40 A. 836 (1898). In misdemeanors, all participants are held as principals. *State* v. *Orlandi,* 106 Vt. 165, 171, 170 A. 908 (1934).

Under the facts, there was no impropriety in the state charging the respondent, in the first instance, as a principal. The activities of the respondent clearly identify him as one who "by counseling, hiring or otherwise procuring" caused

the offense in question to be committed. 13 V.S.A. § 4. This characterizes him as an accessory before the fact and, under the authority of that statute, justifies his treatment as a principal in the information, upon trial, and with respect to punishment.

There is law to the effect that to be properly defined as an accessory before the fact, the person charged must not be present, or at least not act, during the commission of the crime. Otherwise he may be denominated a "principal in the second degree". 22 C.J.S. *Criminal Law* § 91. This principal in the second degree is also referred to in some jurisdictions as an "aider and abettor". However, the historical distinctions between principals of the first degree and "aiders and abettors" or principals of the second degree have not been a part of the law of Vermont. Undoubtedly this is due, in part, to the statutory pattern already noted. As previously stated, 13 V.S.A. § 3 provides that one who aids in the commission of a felony may be punished as a principal. Since merely "aiding" is a broader concept than "aiding and abetting" special pleading may be necessary in some cases. *State v. Mecier,* 126 Vt. 260, 263, 227 A.2d 298 (1967).

In the early case of *State v. Valwell,* 66 Vt. 558, 29 A. 1018 (1894), we find that one who participated in a burglary of maple sugar by waiting with the team, while two others went into a house to commit the theft, was held properly chargeable as a principal. It is noted in *State v. Levine,* 117 Vt. 320, 324, 91 A.2d 678 (1952), that the provisions of 13 V.S.A. § 4 remove the distinction between an accessory before the fact and a principal. The courts have followed that mandate, rather than preserve the rather technical definitional differences between accessory before the fact, principal in the first degree and principal in the second degree, also known as "aider and abettor". The presence of a preconceived plan with a common criminal objective, plus participation in its accomplishment to some substantial measure, is enough to support an information charging such a participant as a principal. *State v. Barr,* 126 Vt. 112, 121, 223 A.2d 462 (1966). The rulings below supporting the sufficiency of the information are sustained.

Furthermore, in the light of the *Barr* case, and the facts presented to this jury, it was not prejudicial error for the trial court to use the language of *State* v. *Orlandi, supra,* 106 Vt. at 171, in charging the jury. Although that case is one relating to a misdemeanor where all participants are principals, since the respondent in this case, under our law, stood also in the position of a principal, under a view of the evidence available to the jury, the distinction between the felony and misdemeanor test for principal had no significance. At most it could only amount to harmless error, and the conviction must be sustained.

*Judgment affirmed.*