### State of Vermont v. Jonathan B. Turner

[550 A.2d 5]

No. 87-167

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed May 27, 1988

*Mark T. Cameron, Windsor County Deputy State's Attorney,* White River Junction, for Plaintiff-Appellee.

*David Putter,* Montpelier, and *Jonathan B. Turner, pro se,* West Hartford, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction of unlawful trespass in violation of 13 V.S.A. § 3705. We affirm.

## I.

Defendant and complainant are next-door neighbors and share a common driveway. On December 28, 1986, officers of the Hartford police responded to a complaint of unlawful trespass at the complainant's address. The state's attorney subsequently charged defendant with unlawful trespass in violation of 13 V.S.A. § 3705.*

At trial, the State contended that defendant had been warned to stay off complainant's property, by both the complainant and an officer of the Hartford Police Department in July of 1986. Because the officer on whom the State intended to rely failed to appear at trial, the State proceeded on the theory that the warning given by the complainant was sufficient to meet the notice requirements of 13 V.S.A. § 3705(a)(1).

Defendant appeared pro se. During defendant's cross-examination of the complaining witness, the trial court initially ruled that defendant was to refrain from questioning the witness about their prior conversations, on the ground that the evidence was irrelevant to the charge brought by the State. The State immediately took exception to this ruling and the court reversed itself, ruling that the evidence was relevant. The court then allowed defendant to continue with his cross-examination of the witness.

At the close of the evidence and prior to defendant's closing argument, the court issued findings of fact and conclusions of law,

---

* 13 V.S.A. § 3705 provides in pertinent part as follows:

    (a) A person shall be imprisoned for not more than three months or fined not more than $500.00, or both, if, without legal authority or the consent of the person in lawful possession, he enters or remains on any land or in any place as to which notice against trespass is given by:

        (1) Actual communication by the person in lawful possession or his agent or by a law enforcement officer acting on behalf of such person or his agent

    . . . .

in which it found defendant guilty of unlawful trespass in violation of 13 V.S.A. § 3705. At defendant's request, the court belatedly allowed defendant to proceed with his closing argument. At the conclusion of his closing argument, defendant was given a sentence of zero to ninety days, all suspended, with the condition that defendant not enter complainant's property.

On appeal, defendant contends (1) that the court committed reversible error when it restricted his cross-examination of the complaining witness, (2) that the evidence was insufficient to support a verdict of guilty to the complaint charged, (3) that the sentence imposed was excessive, (4) that defendant was not afforded a proper opportunity to present a closing argument, and (5) that in the interests of justice the conviction should be set aside and the complaint dismissed.

## II.

■ Defendant argues that the court's error concerning which evidence was relevant to his defense caused confusion during defendant's cross-examination of the complaining witness and constituted prejudicial error. The error, however, was corrected immediately by the court and was followed by continued cross-examination by defendant. Defendant has not shown that he suffered any prejudice as a result of the court's action. V.R.Cr.P. 52(a) (any error which does not affect substantial rights shall be disregarded); see *State* v. *Fairbanks*, 101 Vt. 30, 34, 139 A. 918, 918 (1928) (to be reversible, prejudice must affirmatively appear from court's error). Accordingly, defendant takes nothing from this allegation.

## III.

■ Defendant contends that the affidavit appended to the information alleges a warning given to him by a police officer, warning him to stay off complainant's property, whereas the evidence presented at trial dealt only with a warning given by complainant. Defendant asserts that he was prejudiced thereby, in that the finding of guilt did not relate to the crime charged. The state's attorney's information, however, charged that defendant "[d]id, then and there, without legal authority enter on land as to which notice against trespass was given by actual communication by the person in lawful possession in violation of 13 VSA 3705(a)(1)."

Further, the affidavit attached thereto stated that the complainant "stated that she has told [defendant] several times during the past year to stay off her property . . . ." We hold that the information and affidavit adequately informed defendant of the crime of which he was charged. Viewing the evidence in the light most favorable to the State, *State* v. *Tenney*, 143 Vt. 213, 216, 464 A.2d 747, 748 (1983), we find the evidence sufficient to convince a reasonable trier of fact that defendant is guilty, beyond a reasonable doubt, of unlawful trespass in violation of 13 V.S.A. § 3705.

## IV.

■ Defendant argues that the suspended sentence of imprisonment was excessive. The sentence, however, was within the parameters of the statute. Absent a showing that the trial court failed to exercise discretion at all, or exercised it for purposes which are clearly untenable, or to a degree which is unreasonable, we will uphold the court's decision. *State* v. *Savo*, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982). We are unable to find an abuse of discretion in the sentence imposed by the court. See *State* v. *Allen*, 145 Vt. 393, 396, 488 A.2d 775, 777 (1985).

## V.

■ At the close of the evidence, the court stated its findings of fact, concluding that defendant was guilty of unlawful trespass in violation of 13 V.S.A. § 3705. At defendant's request, the court then allowed defendant to proceed with his closing argument. Thereafter, the court entered an adjudication of guilt based on the findings. While this procedure may demonstrate impatience on the part of the court, it did not rise to the level of prejudicial error and does not warrant reversal. See *State* v. *Baril*, 127 Vt. 394, 399-400, 250 A.2d 732, 735-36 (1969) (offending remarks by judge and prosecutor did not constitute reversible error per se).

## VI.

■ Defendant asks that we reverse his conviction in the interest of justice. It is well settled that this Court has the power to remand a cause to prevent a failure of justice, and it has been our practice to do so when circumstances so warrant. See *Laferriere* v. *Saliba*, 119 Vt. 25, 34, 117 A.2d 380, 385 (1955) (where defendants included in the record information that, if properly

presented, would suggest a meritorious defense, they should have an opportunity to present that information). In rare circumstances, other courts have dismissed criminal indictments to avoid a miscarriage of justice, upon being shown compelling evidence of injustice. See *People* v. *Davis*, 55 Misc. 2d 656, 286 N.Y.S.2d 396 (Sup. Ct. 1967) (criminal charges of possession brought against an honors student were unwarranted where the defendant neither used or intended to sell the contraband, the potential damage to a promising career would be severe and permanent, and the injury to society was negligible). Defendant has demonstrated neither prejudice nor compelling evidence of injustice.

*Affirmed.*