### State of Vermont v. Tony Byrne

[566 A.2d 991]

No. 88-160

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed September 8, 1989

*Joel Page*, Lamoille County State's Attorney, Hyde Park, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from an order of the Lamoille District Court denying his motion for sentence reduction, following his conviction for driving under the influence of intoxicating liquors and for driving while his license was suspended. We affirm.

Defendant was convicted by jury trial in 1985 and was sentenced to serve 6 to 12 months on the DUI charge and a consecutive term to serve of 0 to 30 days for the DLS. He appealed his convictions, and this Court affirmed in *State v. Byrne*, 149 Vt. 257, 542 A.2d 667 (1988).

At the original sentencing hearing on May 27, 1985 the State claimed that defendant had had four earlier DUI offenses, but defendant challenged the validity of certain of these on grounds that the transcripts had been lost. The court decided as follows:

> THE COURT: As to the offenses that were committed in 1971 and 1975, they will not be considered for enhancement purposes because, in fact, the State has not met its burden in showing that these were knowing and voluntary changes of pleas and the fact that no record has, there is no record, and it's my understanding of the caselaw in this regard that it's not even a close question, that clearly if there's no record, you cannot presume that in fact a proper change of plea was ever in fact taken.
>
> . . . .
>
> So, this would make this offense at this point DWI third. Is that right?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.

No factual information about the alleged 1971 and 1975 DUI incidents was presented as evidence at this sentencing hearing.

But nearly three years later, on March 24, 1988, after defendant had moved for sentence reduction, following affirmance of his conviction in this Court, and after he presented evidence in support of his motion, the same judge,

though reducing the DUI sentence from 6 to 12 months to 3 to 6 months, stated:

> Well, I know all of you have been addressing the question of the job and how important that is. I guess, from my point of view, whether someone is or is not a good worker is really only minimally related to what the penalty should be for DWI fifth offense. We're not talking about a first offense or second offense or anything less than that. It's a fifth offense. And I can't forget that, even though I understand several years have passed since the conviction.

Thereafter defense counsel, noting the disparity between these words and the court's 1985 statement, responded as follows:

> Your Honor, might I just address a couple of things? Although the Court just mentioned this is the DUI fifth, my recollection is that the Court treated this at sentencing as a third, disallowed some contested prior convictions. I wanted to bring that concern to the Court's attention. It seems like that should have some impact on its sentence.

The court responded:

> Well, I reduced in any event.

On appeal defendant contends that his sentence was based on incorrect assumptions about his criminal record and was therefore imposed in violation of his due process rights, as set forth in *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948). Defendant likens his case to that of the defendant in *State v. Ramsay*, 146 Vt. 70, 499 A.2d 15 (1985), where this Court held that a sentencing is invalid if "materially inaccurate information was relied upon by the sentencing court." 146 Vt. at 79, 499 A.2d at 21.

But the facts in the present case are very different. The judge was made aware of her mistake and had the opportunity to alter her decision in light of the corrected record. She decided that having already reduced the DUI sentence, further reduction of that sentence (or reduction of the DLS sentence) was not warranted. Defendant's appeal is based on his supposition that the court disregarded the correction of her

error, but there is no basis for this supposition. Defendant does not show that the momentary error on the part of the court predisposed the court to limit the degree of reduction in sentence or to withhold a benefit or consideration that otherwise would have been warranted. See *State v. Daudelin*, 151 Vt. 214, 216, 559 A.2d 668, 669 (1989) (court's expression of opinion based on prospective testimony of witness did not show bias, where witness was sworn and testified in accordance with court's understanding); *State v. Turner*, 150 Vt. 72, 74, 550 A.2d 5, 6 (1988) (momentary error concerning which evidence was relevant to defense was corrected immediately and did not prejudice defendant by disrupting cross-examination). Defendant's burden is to demonstrate that the trial court abused its discretion in considering the motion to reduce his sentence. See *State v. Dean*, 148 Vt. 510, 513, 536 A.2d 909, 912 (1987) (court has "wide discretion to consider such factors as it believes are relevant"); *State v. Cyr*, 141 Vt. 355, 358, 449 A.2d 926, 927 (1982). Demonstrating an error by the court that was corrected before final decision does not meet that burden.

*Affirmed.*