2009 VT 15

## State of Vermont v. George Dean Martin

[973 A.2d 56]

No. 08-107

Present: Reiber, C.J., Dooley, Johnson and Burgess, JJ., and Davenport, Supr. J., Specially Assigned

Opinion Filed January 30, 2009

*William H. Sorrell*, Attorney General, and *David Tartter* and *John R. Treadwell*, Assistant Attorneys General, Montpelier, and *April Schwendler*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*William A. Nelson*, Middlebury, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** Defendant George Dean Martin appeals from the district court's imposition of sentence following remand in his partially successful appeal of his convictions for boating while intoxicated. He contends that the district court lacked authority to impose the sentence and that his federal constitutional rights were violated by the new sentence and by the court's application of certain good-time credits to his sentence.[1] We affirm.

¶ 2. The facts underlying defendant's conviction are set out in full in this Court's opinion in his first appeal. See generally *State v. Martin*, 2007 VT 96, 182 Vt. 377, 944 A.2d 867 (*Martin I*). Briefly, defendant was convicted, after jury trial, of two counts of boating while intoxicated, with death resulting. *Id.* ¶ 1. Both convictions arose out of a single incident in which two children died as a result of defendant's operation of a boat while intoxicated; one of the deaths was assigned to each conviction. The trial court sentenced defendant to four to five years on each count, suspending all but three years to serve on each count, with the sentences to run consecutively. *Id.* ¶ 57. The aggregate sentence was thus six years to serve, with a maximum sentence of ten years. Defendant appealed those convictions, contending among other things that one of them must be vacated because both arose from a single incident. *Id.* ¶ 52. We agreed on this point, and reversed defendant's second conviction. *Id.* ¶ 57. We remanded, however, because "we recognize[d] . . . that the trial court sentenced defendant on the first count based on harm to only one victim." *Id.*

¶ 3. On remand, after a contested sentencing hearing, the district court resentenced defendant on the single remaining

---

[1] Defendant has also cited Chapter I, Article 10, of the Vermont Constitution, but does so only in the final sentence of his reply brief. This does not suffice to raise state constitutional claims, which also appear not to have been raised below. We therefore consider defendant's federal constitutional claims only.

count. The new sentence was four and a half to five years, all suspended but four years to serve, with credit for time served according to law. This appeal followed.

## I.

¶ 4. Defendant first contends that, absent explicit statutory authority, the district court lacked authority to impose the sentence it did. Defendant also argues that our remand ordering resentencing did not endow the district court with that power. We conclude that we had the power to order, and the district court had the power to conduct, resentencing in this case.

¶ 5. As defendant notes, this Court has statutory jurisdiction "to issue all writs, processes and orders that may be necessary to the furtherance of justice and the regular execution of the law." 4 V.S.A. § 2(b). The Vermont Constitution endows our Court with "the power to issue all writs necessary or appropriate in aid of its appellate jurisdiction." Vt. Const. ch. II, § 30. Defendant concedes the validity of our decision in *State v. Simpson*, 160 Vt. 220, 226-27, 627 A.2d 346, 350 (1993), in which we remanded so that the trial court could impose "the same or a lighter sentence" in light of our reversal of one of the defendant's two convictions. Defendant also concedes the uncontroversial proposition that this Court has the inherent power to "remand a cause to prevent a failure of justice." *State v. Turner*, 150 Vt. 72, 75, 550 A.2d 5, 7 (1988). "Because inherent powers are shielded from direct democratic controls," of course, "they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

¶ 6. Although we tread carefully when exercising our inherent powers, we do not doubt that we had the power to order resentencing on the remaining count under the facts in this case. Defendant, by appealing his convictions, "placed the entire judgment in issue," *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983). Further, defendant's appeal succeeded only in a technical sense; our holding in *Martin I* in no way decreased his culpability or called into question the sentencing judge's assessment of the scope of the necessary punishment. Rather, the deficiency in Martin's original convictions and sentencing was purely formal and did not undermine the sentencing judge's intentions.

▌ ¶ 7. A hypothetical, offered by the United States Court of Appeals for the First Circuit in a similar sentencing-package case, is illustrative here:

> Assume that the district judge had originally concluded that [the defendant] should spend six years in jail for his part in this drug-related enterprise, and had sentenced him to six years' imprisonment on Count I and a term of probation on Count II. If [it were impermissible to resentence on the surviving count], then [the defendant] would not spend a day behind bars after reversal of his Count I conviction. Such a result can scarcely be said to mirror the judge's original sentencing intentions, to honor the societal interest in condign punishment, or to be a necessary concomitant to treating a defendant fairly.

*United States v. Pimienta-Redondo*, 874 F.2d 9, 16 (1st Cir. 1989) (en banc). If we were to adopt defendant's position, the hypothetical above would become possible, and the orderly functioning of our courts would be disrupted. Apart from the bizarre results that would obtain in situations like the *Pimienta-Redondo* hypothetical, such a holding would operate to limit the district courts' discretion in sentencing by tilting the sentencing scales steeply in favor of concurrent sentences. When a defendant challenges his convictions in a case where his sentences are interdependent, that challenge "necessitate[s] review and redetermination of the full sentencing package[]." *Id.* at 16. Remands such as the one we issued in *Martin I* are therefore "necessary . . . in aid of [this Court's] appellate jurisdiction," Vt. Const. ch. II, § 30, and to ensure "the regular execution of the law." 4 V.S.A. § 2(b). The district court, although its power to resentence is limited, may be imbued with that power by a proper order of this Court. See *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir. 1988) (authority to resentence on surviving counts flows from appellate court mandate)[2]; cf. *Kennedy v. United States*, 330 F.2d 26, 29 (9th Cir. 1964) (where remand order is silent as to resentencing on affirmed convictions, trial court lacks power to resentence).

---

[2] *Minor* and many of the other federal cases cited herein have since been superseded in part by the amendment of Rule 35 of the Federal Rules of Criminal Procedure. The supersession concerns the time limits on courts correcting illegal sentences, and does not affect the cases' authority for the propositions for which they are cited herein.

This Court had the power to order resentencing, and the district court had the power to resentence defendant on the surviving count.

## II.

¶ 8. Defendant next contends that his resentencing violated the Double Jeopardy Clause of the Constitution of the United States because his sentence increased on remand. U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb"). Defendant's argument is that, because his new sentence on the surviving count is greater than the sentence imposed on that count in the first instance, he was deprived of his right to be free from double jeopardy. Our review of this purely legal question is nondeferential and plenary. Upon review, we disagree with defendant, and affirm the sentence.

¶ 9. The Double Jeopardy Clause embodies three distinct constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). When a defendant is resentenced without retrial after a partially successful appeal, the last of these protections is implicated. *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987).

¶ 10. Although defendant characterizes his new sentence as an "increase" over his original sentence, that characterization does not tell the whole constitutional story. While defendant's sentence for the lone surviving conviction did increase on remand, his aggregate to-serve sentence decreased from six years to four and his aggregate maximum sentence decreased from ten years to five. It is the *aggregate* sentence that is of constitutional import in sentencing-package cases. See, e.g., *Greenlaw v. United States*, ___ U.S. ___, ___, 128 S. Ct. 2559, 2569-70 (2008) (citing *Pimienta-Redondo*, 874 F.2d at 14). The cases defendant cites concerning "increased" sentences are therefore inapposite, because his aggregate sentence did not increase.

¶ 11. Where, as here, the original sentences were interdependent and constituted a sentencing package designed, as a whole, to accomplish the trial judge's sentencing objectives, the

Constitution permits resentencing on remand to any term not exceeding the original aggregate sentence. See, e.g., *Greenlaw*, ___ U.S. at ___, 128 S. Ct. at 2569-70 (noting the practice with approval); *United States v. Mata*, 133 F.3d 200, 202 (2d Cir. 1998); *United States v. Curry*, 902 F.2d 912, 917-18 (11th Cir. 1990); *Pimienta-Redondo*, 874 F.2d at 16; *United States v. Bentley*, 850 F.2d 327, 328 (7th Cir. 1988) ("Our court has concluded that whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts . . . ."); *Shue*, 825 F.2d at 1115; *United States v. Busic*, 639 F.2d 940, 947-48 (3d Cir. 1981).

■ ¶ 12. As the Supreme Court noted last year in *Greenlaw*, in "sentencing package" cases, appellate courts "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan," even though a defendant's challenge was successful as to some counts of his conviction. *Greenlaw*, ___ U.S. at ___, 128 S. Ct. at 2569. On remand in such cases, the sentence on the surviving counts may be "longer than the sentence originally imposed on those particular counts," but the new "aggregate sentence [is] no longer than the aggregate sentence initially imposed." *Id.* at ___, 128 S. Ct. at 2569-70. "Thus the defendant ultimately may gain nothing from his limited success on appeal, but he will also lose nothing, as he will serve no more time than the trial court originally ordered." *Id.* at ___, 128 S. Ct. at 2570. What happened here is precisely what the *Greenlaw* Court endorsed, and what the federal circuit courts cited above have uniformly approved. Defendant's new aggregate sentence, which is shorter than his original aggregate sentence, is not a per se violation of the Double Jeopardy Clause.

¶ 13. Defendant contends, however, that the sentence imposed on remand nonetheless runs afoul of the Due Process and Double Jeopardy Clauses because he had "fully served" his sentence on Count I and been released before the new sentence caused him to be incarcerated again on the same count. The claim depends on defendant's assertion that he had a legitimate expectation in the finality of his sentence because he had already been released to probation. See *United States v. DiFrancesco*, 449 U.S. 117, 138-39 (1980). Under the facts of this case, we disagree.

■ ¶ 14. "The Double Jeopardy Clause generally prohibits courts from enhancing a defendant's sentence once the defendant

has developed a legitimate expectation of finality in the original sentence." *United States v. Triestman*, 178 F.3d 624, 630 (2d Cir. 1999) (quotation omitted). Because the particulars of a defendant's sentence do "not have the qualities of constitutional finality that attend an acquittal," not all increases in sentence violate the Double Jeopardy Clause. *DiFrancesco*, 449 U.S. at 134.

¶ 15. As noted, defendant's original sentences were for four to five years on each count, and each was suspended except for three years to serve. The sentences were to run consecutively; taken together, therefore, they imposed a minimum term of six years to serve. In December 2006 and March 2007, while defendant's appeal was pending here, he moved for release pending our decision, but the motions were denied. In August 2007, however, the Court on its own motion ordered defendant's conditional release at such time as he completed his minimum sentence on Count I. Defendant was released soon thereafter, and this Court issued its opinion on the merits on September 7, 2007. When defendant was resentenced on Count I, therefore, it was necessary to take him back into custody.

¶ 16. First, we note that defendant's contention that he had "fully served" his sentence on Count I is somewhat wide of the mark, and his citation of cases concerning defendants who had done so is therefore unconvincing. Defendant had, of course, been released from incarceration before he was resentenced on remand. But he had not "fully served" his sentence. After his release he remained under the supervision of the Department of Corrections, and could have had the sentence on Count I reimposed at any time for violation of his conditions of release. See *United States v. Rico*, 902 F.2d 1065, 1068 (2d Cir. 1990).

¶ 17. Further, defendant did not, in light of his own appeal, have a legitimate expectation of finality in his sentence on Count I. Nor did he have a legitimate expectation that he would necessarily remain on supervised release, even after our August 24, 2007 order mandating his conditional release pending the outcome of the appeal. His appeal, as noted above, called into question both of his convictions and his entire sentencing package. Had we reversed one or both of defendant's convictions on one of the other grounds he advanced on appeal, he might have been subject to retrial on one or both counts, and could in that circumstance have been resentenced to an increased *aggregate*

sentence. See *United States v. Bryce*, 287 F.3d 249, 255 (2d Cir. 2002) (defendant whose appeal of interlocking sentences raised possibility of retrial "had no expectation of finality and can make no claim" that his rights against Double Jeopardy were violated); *Shue*, 825 F.2d at 1115 (defendant's "legitimate expectation could be only that, if successful on appeal, he would not be given a greater sentence than that previously imposed as punishment for appealing his conviction"); cf. *McClain v. United States*, 676 F.2d 915, 918 (2d Cir. 1982) (noting that in cases involving noninterlocking sentences, "imposition of a higher term on resentencing would pose a more difficult double-jeopardy problem"). The sentence imposed on defendant, though it required his reincarceration, was less than his original aggregate sentence, and so did not violate the Double Jeopardy Clause.

¶ 18. Defendant also argues on appeal that the resentencing violated the Due Process Clause, but the claim was not raised below and we therefore will not consider it. *State v. Yoh*, 2006 VT 49A, ¶ 36, 180 Vt. 317, 910 A.2d 853.

### III.

¶ 19. Finally, defendant contends that his rights under the Due Process Clause were violated when, after resentencing, he was not awarded certain good-time credits in which he claims he had a vested right.

¶ 20. We begin by briefly recounting the pertinent history of 28 V.S.A. § 811, which governed good-time credits until its repeal in 2005, and which applies to this case. See 2005, No. 63, § 3. Until 2000, § 811 provided that all reductions of term would apply to both the minimum and maximum terms of imprisonment. See 1999, No. 127 (Adj. Sess.), § 1. Act 127 amended the section, in pertinent part, to make clear that both automatic reduction of term (ART) and earned reduction of term (ERT) are to be applied only to the *maximum* term, and that in no case may the reduction result in a maximum term shorter than the minimum term. *Id.* (enacting 28 V.S.A. § 811(g)). The statute was again amended in 2002, but the changes made at that time do not affect our analysis here. We refer to the statutes applicable to defendant as the "2001 statutes" for clarity.

¶ 21. The 2001 statutes provide that an inmate accrues five days of ART for "each month during which the inmate has faithfully observed all the rules and regulations of the institution to which

the inmate is committed." 28 V.S.A. § 811(a) (2001). An inmate also accrues up to ten days of ERT for each month of incarceration during which the inmate participates in "treatment, educational or vocational training programs or work identified by the department to address the inmate's needs." *Id.* § 811(b). The 2001 statute further provides that "[i]n no case shall the reductions to an inmate's sentence . . . result in the inmate's maximum sentence being less than the inmate's minimum sentence." *Id.* § 811(g).

¶ 22. Defendant argues that he had earned a twenty-month reduction in his maximum sentence during his initial thirty-six months of incarceration, and that he has a vested right under *Pearce* to that reduction. Because his original maximum sentence on Count I was sixty months, defendant claims that the twenty-month reduction would result in a new maximum term of forty months. Defendant contends that the failure to credit him with the twenty-month reduction after remand allowed an impermissible increase in his time to serve, from forty months to forty-eight months. The State responds that defendant was not at any time entitled to either ART or ERT because his original sentence on Count I was for a fixed term of thirty-six months. Thus, according to the State, thirty-six months was defendant's maximum *and* minimum term, and neither ART nor ERT was available to defendant because either would have impermissibly rendered his maximum sentence shorter than his minimum, in violation of § 811(g).

¶ 23. The record does not resolve this essentially factual dispute. It is unclear whether defendant actually received ART or ERT (and, if so, in what amount) and whether he received the "timely written notice each month of any reduction in [his] maximum term of confinement" that our law requires, see 28 V.S.A. § 811(f) (2001). We need not resolve the factual dispute in light of our resolution of the underlying claim, however.

¶ 24. We agree with defendant on the basic constitutional principle that he must, upon resentencing, receive credit for all the time he has already served, and that that credit must include "the time credited during service of the first . . . sentence for good behavior, etc." *Pearce,* 395 U.S. at 718-19 & n.13. We do not agree with defendant's application of that principle to the facts of this case, however.

¶ 25. *Pearce* itself suggests as much. There, the Court was at pains to note that, although time for good behavior must,

as a matter of constitutional principle, be credited to a resentenced defendant, that credit may yet result in a *longer* aggregate sentence than was first imposed. *Id.* at 719 n.14. "In most situations, even when time served under the original sentence is fully taken into account, a judge can still sentence a defendant to a longer term in prison than was originally imposed." *Id.* Here, of course, defendant's new minimum — forty-eight months — is *shorter* than his previous aggregate minimum — seventy-two months — regardless of how the credits are applied. The principle to be gleaned from *Pearce*, in any event, is that defendants who are resentenced upon remand or retrial have a right to a credit, but not to the same sentence that that credit yielded when applied to their vacated sentence, or to a waiver of otherwise applicable good-time statutes.

¶ 26. Assuming, without deciding, that defendant had a vested right to twenty-months' good-time credit, applying that credit under the applicable statute to his new maximum sentence (sixty months) can not — and, as a constitutional matter, need not — reduce his maximum sentence below his new minimum (forty-eight months). See 28 V.S.A. § 811(g) (2001). Under *Pearce*, the DOC must apply previously earned ART and ERT to defendant's new sentence, but those credits cannot, under the applicable statute, reduce his new maximum sentence below his new minimum.

*Affirmed.*