## State of Vermont v. Christopher Wilder

## State of Vermont v. Lonny R. Campbell

[996 A.2d 174]

Nos. 08-134 & 08-349

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed February 26, 2010

*Christina Rainville*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant Wilder.

*Michael Rose*, St. Albans, for Defendant-Appellant Campbell.

¶ 1. **Dooley, J.** Following a joint trial, defendants Lonny Campbell and Christopher Wilder were each convicted of sexual assault, aggravated sexual assault, and furnishing alcohol to a minor. Defendants challenge their aggravated sexual assault convictions, arguing that there was insufficient evidence to show that they "joined or assisted" the other's sexual assault under 13 V.S.A. § 3253(a)(2), and that the jury's verdicts are legally inconsistent. We do not reach defendants' arguments because we find a defect in the information underlying the second count of aggravated sexual assault that we must address sua sponte. See *State v. Ward*, 151 Vt. 448, 452, 562 A.2d 1040, 1042 (1989) (Supreme Court may address "fundamental error so detrimental to defendant's rights as to constitute plain error . . . even though neither the parties nor the trial court discerned the nature of the defect"). As discussed below, the second count of aggravated sexual assault did not properly charge defendants with a crime. We therefore vacate defendants' aggravated sexual assault convictions, leaving their remaining convictions in place, and remand for resentencing on these remaining convictions.

¶ 2. Because defendants appeal from denial of their motion for judgment of acquittal, we recount the evidence in the light most favorable to the State. *State v. Prior*, 174 Vt. 49, 53, 804 A.2d 770, 773 (2002). Defendants were in their early to mid-twenties at the time of the crimes. In February 2001, defendants encountered the fifteen-year-old victim and her seventeen-year-old female friend outside of a convenience store. The parties did not know one another. Defendants asked the girls if they wanted to go for a ride, and the girls accepted the invitation. Defendants stopped to purchase vodka and juice, and offered drinks to the girls. The victim drank two cups of straight vodka; the victim's friend drank a small amount of vodka and juice. Campbell was also drinking; Wilder was not.

¶ 3. Defendants drove the girls to a secluded area, and, upon arriving, one of the defendants suggested changing seats with one

of the girls. Campbell moved to the backseat with the victim, and the victim's friend moved to the front seat with Wilder. Campbell and the victim started kissing. Shortly thereafter, Campbell asked the victim to have sex with him. The victim said no. Campbell continued touching the victim, however, and he removed her pants. He then started to have sex with her. Campbell was using a condom, which he removed at some point, and continued having sex with the victim. The victim testified that, at this point, she was feeling very drunk. Campbell stopped when the victim said that she had to go to the bathroom or that she was going to be sick.

¶ 4. During this time, the victim's friend was in the front seat with Wilder. The victim's friend was kissing Wilder, and she performed oral sex on him. Wilder asked the victim's friend to have vaginal sex with him, but she refused twice. Wilder replied, "not a problem, I'll just go finish off on your friend."

¶ 5. Wilder then exited the car, and Campbell moved to the front seat. At the time, the victim had exited the vehicle to go to the bathroom, and she was stumbling around due to her excessive alcohol consumption. Wilder picked the victim up — her pants still down — and placed her in the backseat. He then started having sex with the victim. The victim testified that she was in and out of consciousness during this time. The parties then returned to their original seats and drove away. The victim was highly intoxicated and vomited on the return trip. Defendants dropped the girls off a short distance from their house. The victim's friend assisted the victim in returning to her house, and, shortly thereafter, the police were contacted.

¶ 6. In February 2001, defendants were jointly charged with furnishing alcohol to a minor and aggravated sexual assault under 13 V.S.A. § 3253(a)(2) for sexually assaulting the victim and being "joined or assisted by" the other "in physically restraining, assaulting or sexually assaulting the victim." In December 2002, the prosecution amended the language of the first count and additionally charged each defendant with a second count of aggravated sexual assault under 13 V.S.A. § 3253(a)(2) for joining or assisting the other's crime of sexual assault. Following trial, the jury could not reach a unanimous verdict on the first aggravated sexual assault charge for either defendant, but instead found them both guilty of the lesser-included offense of sexual assault. The jury found both defendants guilty of the second count of aggra-

vated sexual assault, as well as the count of furnishing alcohol to a minor.

¶ 7. Defendants moved for a judgment of acquittal and a new trial, arguing that the jury's verdicts were inconsistent with one another, and that no reasonable jury could find them guilty on the second count of aggravated sexual assault. The court denied the motion in a written order. This appeal followed.[1]

¶ 8. On appeal, defendants reiterate the arguments raised in their motion for judgment of acquittal. As stated above, we do not address these arguments but instead vacate defendants' aggravated sexual assault convictions on other grounds. See *Ward*, 151 Vt. at 452, 562 A.2d at 1042.

¶ 9. Section 3253(a)(2), under which defendants were charged, provides that:

> (a) A person commits the crime of aggravated sexual assault if the person commits sexual assault under any one of the following circumstances:
>
> . . . .
>
> (2) The actor is joined or assisted by one or more persons in physically restraining, assaulting or sexually assaulting the victim.

Both defendants were initially charged with sexually assaulting the victim while joined or assisted by another in physically restraining, assaulting, or sexually assaulting the victim, in violation of § 3253(a)(2). In other words, each was charged for his own act of sexually assaulting the victim under aggravated circumstances.

¶ 10. As to the second count of aggravated sexual assault, however, the information is divorced from the plain language of the statute. The information alleged that Wilder was "a person who joined or assisted . . . Lonny Campbell, in physically restraining, assaulting or sexually assaulting the victim, when Lonny Campbell committed the crime of sexual assault, in violation of § 3253(a)(2)." Campbell's charge was similar.

---

[1] Neither defendant appealed within thirty days of sentencing. See V.R.A.P. 4. Instead, approximately four years later, defendants filed a petition for post-conviction relief (PCR), alleging that their attorneys were ineffective in failing to file an appeal. As a result of the PCR proceedings, defendants' rights of appeal were reinstated.

¶ 11. The statute does not define the crime of aggravated sexual assault to include those persons who "join or assist" another's sexual assault. Instead, as stated above, it provides that a person commits the crime of aggravated sexual assault "if the person *commits sexual assault under any one of the following circumstances*: . . . [*t*]*he actor* is joined or assisted by one or more persons in physically restraining, assaulting or sexually assaulting the victim." 13 V.S.A. § 3253(a)(2). The statute requires, as a predicate for criminal liability, that a person commit sexual assault. Compare *id.*, with Cal. Penal Code § 264.1 (providing that "in any case in which the defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed an act [of rape or sexual penetration], either personally or by aiding and abetting the other person, that fact shall be charged in the indictment or information and if found to be true," a greater sentence than that for rape or sexual penetration shall be imposed). As to the second counts of aggravated sexual assault, the prosecution did not charge either defendant with committing the crime of sexual assault; the prosecution charged only that the defendant joined or assisted when the other person committed sexual assault. We cannot find that the conduct for which each defendant was charged in the second count was a crime. A person may not be convicted of a crime that has not been authorized by the Legislature. *State v. Nichols*, 167 Vt. 566, 567, 702 A.2d 77, 78 (1997) (mem.).

¶ 12. We recognize that the alleged offense charged in the second count of aggravated sexual assault for each defendant — the third count of the information — is similar to that of aiding in the commission of a felony as an accessory. See 13 V.S.A. § 3. However, the prosecution never charged defendants with aiding the other defendant's commission of aggravated sexual assault. See V.R.Cr.P. 7(b) (information must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged"). The information must specify the statute defendant is alleged to have violated, although failure to do so will not result in dismissal of the information unless it "misle[d] the defendant to his prejudice." *Id.* The information here did not charge defendants as accessories under 13 V.S.A. § 3. As discussed above, the second count of aggravated sexual assault also did not properly charge them as principals under the statute as enacted by the Legislature. See, e.g., *State v. Pitts*, 174 Vt. 21, 27, 800

A.2d 481, 485 (2002) (in certain circumstances, defendant charged only as principal may be convicted on basis of accomplice liability). The State similarly did not argue at trial that each defendant was liable as a principal for the other's crime, and the jury was not instructed on accomplice liability.

¶ 13. Moreover, the State did not argue below that "joined or assisted . . . in . . . sexually assaulting" has the same meaning as "aid[ed] in the commission of a felony" under 13 V.S.A. § 3. Had the Legislature intended to equate these phrases, it could have stated so explicitly. Other states have drafted similar statutes specifically using the terms "aid and abet." See, e.g., N.C. Gen. Stat. § 14-27.4(a)(2)(c) ("A person is guilty of a sexual offense in the first degree if the person engages in a sexual act . . . [w]ith another person by force and against the will of the other person, and . . . [t]he person commits the offense aided and abetted by one or more other persons."); Tenn. Code Ann. § 39-13-502(a)(3) (defining aggravated rape as "unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: . . . The defendant is aided or abetted by one (1) or more other persons; and (A) Force or coercion is used to accomplish the act; or (B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless"); *id.* § 39-13-504(a)(3) (employing similar definition for aggravated sexual battery); *State v. Polk*, 308 S.E.2d 296, 300 (N.C. 1983) (explaining that under North Carolina statutory scheme, "[a]n aider and abettor is as guilty as the principal offender, and thus an aider and abettor of any sexual offense *ipso facto* becomes guilty of a first-degree offense"). But see *People v. Calimee*, 122 Cal. Rptr. 658, 660 (Ct. App. 1975) (concluding that legislature intended words "voluntarily acting in concert with another person" in rape statute to include both those who personally engage in forcible sexual act and those who aid and abet that person in accomplishing it).

¶ 14. There are additional difficulties in holding that the alleged crime charged by the State is sufficiently close to accessory liability that the convictions should be upheld, even from a plain error challenge. The court in this case instructed that the "crime" contained the following elements: (1) Christopher Wilder; (2) joined or assisted Lonny Campbell; (3) in sexually assaulting H.L.;

(4) when Lonny Campbell intentionally[2] committed a sexual act with H.L.; and (5) H.L. was under the age of sixteen years. The court defined "intentionally" to mean "with the specific intent to commit a sexual act . . . purposefully or knowingly and not by accident, mistake, or inadvertence." It defined "joined" to mean "to unite or combine in an accomplishment or action." It defined "assisted" to mean "willfully encouraging or helping in the completion of an act or accomplishment."

■ ¶ 15. In comparison, aiding, for purposes of 13 V.S.A. § 3, is shown by participation in the accomplishment, to some substantial measure, of a preconceived plan with a common criminal objective. *State v. Sears*, 130 Vt. 379, 382, 296 A.2d 218, 220 (1972); see also *State v. Davignon*, 152 Vt. 209, 215, 565 A.2d 1301, 1304-05 (1989) (all who have common understanding and purpose to commit a crime and who knowingly and intentionally participate in criminal act are liable for acts of principal); *State v. Miller*, 146 Vt. 164, 175, 502 A.2d 832, 839 (1985) (noting relevant question is whether preconceived criminal plan existed in which defendant participated). Accessory liability has a specific intent element: the accessory must have the same intent as the perpetrator of the crime. *State v. Bacon*, 163 Vt. 279, 289, 658 A.2d 54, 61 (1995). While the jury could have found that each defendant acted with the intent that the other commit sexual assault on the victim, it also could have found that each acted solely intending his own sexual act with the victim. Whatever the jury would have found, the court did not instruct the jury that it had to find the intent element for aiding under 13 V.S.A. § 3. The instruction, as described above, defined the intent of the sexual assault perpetrator,[3] but was silent on the intent of the person who joined or assisted the perpetrator.

¶ 16. These difficulties in holding that the jury would have convicted each defendant of aiding in the sexual assault committed by the other defendant are reflected by what the jury actually did. The jury convicted each defendant of joining or assisting the other in committing a sexual assault but could not agree to convict each defendant of committing the sexual assault joined or assisted by

---

[2] The word "intentionally" was left out of the instructions relating to count 3 of the charges against Lonny Campbell for joining or assisting Christopher Wilder.

[3] It failed to do even that in the count in which Christopher Wilder was the perpetrator and Lonny Campbell was charged with joining or assisting him.

the other. Whether or not these actions are legally inconsistent, they are logically irreconcilable. Defendant argues that they demonstrate that the jury reached an improper compromise verdict. Another possibility is that the jury could not easily apply the jury instructions, particularly the concepts of joining and assisting.

¶ 17. The State's brief, while arguing that the verdicts are not inconsistent, demonstrates a source of confusion. The brief returns to the wording of the informations and argues that "Count I suggests that the sexual assault could not have occurred without the assistance of another; while Count III merely charges Wilder with assisting Campbell in Campbell's sexual assault on the 15 year-old girl." Thus, the State argues that "[t]he jury could have easily found that both men assisted the other in setting the victim up for the assault by getting her extremely drunk, but then acted on their own in sexually assaulting her." This explanation directly undercuts a claim that the jury necessarily applied the shared intent element of aiding under 13 V.S.A. § 3. It also demonstrates the risk of creating a crime not moored in the statutory language. The State has loosely defined the elements of the new crime to justify the verdicts.

■ ¶ 18. Certainly, defendants' actions were reprehensible, and the State had a reasonable basis for charging each defendant with one count of violating 13 V.S.A. § 3253(a)(2), which provides a heightened punishment for those who are joined or assisted by others in sexually assaulting a victim. Other states have similarly concluded that when a victim is assaulted by more than one person, an enhanced sentence is appropriate. See, e.g., Conn. Gen. Stat. § 53a-70(a)(3) (person commits sexual assault in the first degree when he or she commits sexual assault and "in the commission of such offense is aided by two or more other persons actually present"); Fla. Stat. § 794.023 (legislature finds that an act of sexual battery, when committed by more than one person, presents a great danger to the public and is extremely offensive to civilized society, and therefore legislature reclassified offenses for acts of sexual battery committed by more than one person); State v. Dennis, 728 P.2d 1075, 1078 (Wash. Ct. App. 1986) (enhanced sentence for rape appropriate where victim subject to multiple penetrations, and rape was in nature of a "gang rape"). The problem here is that the State sought to create two crimes out of the one that the Legislature authorized, without proving

the elements of aiding in the commission of a crime as required by 13 V.S.A. § 3. This is a fundamental error that requires us to vacate defendants' convictions on these counts. *Ward*, 151 Vt. at 452, 562 A.2d at 1042.

¶ 19. We thus reverse the conviction on Count III of the information with respect to each defendant. We remand the case for resentencing under the remaining convictions of sexual assault and furnishing alcohol to a minor. See *State v. Martin*, 2009 VT 15, ¶ 7, 185 Vt. 286, 973 A.2d 56 (requiring "redetermination of the full sentencing package" when defendants challenge interdependent sentences (quotation omitted)).

*Defendants' convictions for aggravated sexual assault are vacated, and the case is remanded for resentencing under the remaining convictions.*