2010 VT 17



State v. Wilder (2008-134), State
v. Campbell
(2008-349)

 

2010 VT 17

 

[Filed 26-Feb-2010]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions, Vermont Supreme Court, 109 State Street, Montpelier, Vermont05609-0801 of any errors in order
that corrections may be made before this opinion goes to press.

 

 


 2010 VT 17 
 
  


 Nos. 2008-134 & 2008-349
 
  


 State of Vermont
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 District Court of Vermont,
 
 
  
 
 
 Unit No. 2, Bennington Circuit
 
 
  
 
 
  
 
 
 Christopher Wilder
 
 
 May Term, 2009
 
 
  
 
 
  
 
 
 State of Vermont
 
 
  
 
 
  
 
 
      v.
 
 
  
 
 
 Lonny R. Campbell
  
  
 David A. Howard, J.
  
 Christina Rainville, BenningtonCountyDeputyState’s
 Attorney, Bennington,
 for 
   Plaintiff-Appellee.
  
 Allison N. Fulcher of Martin
 & Associates, Barre, for Defendant-Appellant
 Wilder.
  
 Michael Rose, St. Albans, for Defendant-Appellant Campbell.
  
 
  

PRESENT:  Reiber, C.J.,
Dooley, Johnson, Skoglund and Burgess, JJ.

 

 

¶ 1.            
DOOLEY, J.  Following a joint trial, defendants Lonny
Campbell and Christopher Wilder were each convicted of sexual assault,
aggravated sexual assault, and furnishing alcohol to a minor.  Defendants
challenge their aggravated sexual assault convictions, arguing that there was
insufficient evidence to show that they “joined or assisted” the other’s sexual
assault under 13 V.S.A. § 3253(a)(2), and that
the jury’s verdicts are legally inconsistent.  We do not reach defendants’
arguments because we find a defect in the information underlying the second
count of aggravated sexual assault that we must address sua
sponte.  See State v. Ward, 151 Vt. 448,
452, 562 A.2d 1040, 1042 (1989) (Supreme Court may address “fundamental error
so detrimental to defendant’s rights as to constitute plain error . . . even
though neither the parties nor the trial court discerned the nature of the
defect”).  As discussed below, the second count of aggravated sexual
assault did not properly charge defendants with a crime.  We therefore
vacate defendants’ aggravated sexual assault convictions, leaving their
remaining convictions in place, and remand for resentencing on these remaining
convictions.

¶ 2.            
Because defendants appeal from denial of their motion for judgment of
acquittal, we recount the evidence in the light most favorable to the
State.  State v. Prior, 174 Vt. 49, 53, 804 A.2d 770, 773 (2002). 
Defendants were in their early to mid-twenties at the time of the crimes. 
In February 2001, defendants encountered the fifteen-year-old victim and her
seventeen year-old female friend outside of a convenience store.  The
parties did not know one another.  Defendants asked the girls if they
wanted to go for a ride, and the girls accepted the invitation. 
Defendants stopped to purchase vodka and juice, and offered drinks to the
girls.  The victim drank two cups of straight vodka; the victim’s friend
drank a small amount of vodka and juice.  Campbell was also drinking; Wilder was
not.  

¶ 3.            
Defendants drove the girls to a secluded area, and, upon arriving, one
of the defendants suggested changing seats with one of the girls.  Campbell moved to the
backseat with the victim, and the victim’s friend moved to the front seat with
Wilder.  Campbell and the victim started kissing.  Shortly
thereafter, Campbell
asked the victim to have sex with him.  The victim said no.  Campbell continued
touching the victim, however, and he removed her pants.  He then started
to have sex with her.  Campbell
was using a condom, which he removed at some point, and continued having sex
with the victim.  The victim testified that, at this point, she was
feeling very drunk.  Campbell
stopped when the victim said that she had to go to the bathroom or that she was
going to be sick.  

¶ 4.            
During this time, the victim’s friend was in the front seat with
Wilder.  The victim’s friend was kissing Wilder, and she performed oral
sex on him.  Wilder asked the victim’s friend to have vaginal sex
with him, but she refused twice.  Wilder replied, “not a problem, I’ll
just go finish off on your friend.”

¶ 5.            
Wilder then exited the car, and Campbell
moved to the front seat.  At the time, the victim had exited the vehicle
to go to the bathroom, and she was stumbling around due to her excessive
alcohol consumption.  Wilder picked the victim up—her pants still down—and
placed her in the backseat.  He then started having sex with the
victim.  The victim testified that she was in and out of consciousness
during this time.  The parties then returned to their original seats and
drove away.  The victim was highly intoxicated and vomited on the return
trip.  Defendants dropped the girls off a short distance from their
house.  The victim’s friend assisted the victim in returning to her house,
and, shortly thereafter, the police were contacted.

¶ 6.            
In February 2001, defendants were jointly charged with furnishing
alcohol to a minor and aggravated sexual assault under 13 V.S.A.
§ 3253(a)(2) for sexually assaulting the victim and being “joined or
assisted by” the other “in physically restraining, assaulting or sexually
assaulting the victim.”  In December 2002, the prosecution amended the
language of the first count and additionally charged each defendant with a
second count of aggravated sexual assault under 13 V.S.A. § 3253(a)(2) for joining or assisting the other’s crime of sexual
assault.  Following trial, the jury could not reach a unanimous verdict on
the first aggravated sexual assault charge for either defendant, but instead
found them both guilty of the lesser-included offense of sexual assault. 
The jury found both defendants guilty of the second count of aggravated sexual assault,
as well as the count of furnishing alcohol to a minor.  

¶ 7.            
Defendants moved for a judgment of acquittal and a new trial, arguing
that the jury’s verdicts were inconsistent with one another, and that no
reasonable jury could find them guilty on the second count of aggravated sexual
assault.  The court denied the motion in a written order.  This
appeal followed.[1]

¶ 8.            
On appeal, defendants reiterate the arguments raised
in their motion for judgment of acquittal.  As stated above, we do not
address these arguments but instead vacate defendants’ aggravated sexual
assault convictions on other grounds.  See Ward,
151 Vt. at
452, 562 A.2d at 1042.

¶ 9.            
Section 3253(a)(2), under which defendants were
charged, provides that:

 
(a) A person commits the crime of aggravated sexual assault if the person
commits sexual assault under any one of the following circumstances: 

  . . . .

 

 
(2) The actor is joined or assisted by one or more persons in physically
restraining, assaulting or sexually assaulting the victim.

 

Both defendants were initially
charged with sexually assaulting the victim while joined or assisted by another
in physically restraining, assaulting, or sexually assaulting the victim, in
violation of § 3253(a)(2).  In other words,
each was charged for his own act of sexually assaulting the victim under
aggravated circumstances. 

¶ 10.         As to
the second count of aggravated sexual assault, however, the information is
divorced from the plain language of the statute.  The information alleged
that Wilder was “a person who joined or assisted . . . Lonny Campbell, in
physically restraining, assaulting or sexually assaulting the victim, when
Lonny Campbell committed the crime of sexual assault, in violation of
§ 3253(a)(2).”  Campbell’s
charge was similar.  

¶ 11.         The
statute does not define the crime of aggravated sexual assault to include those
persons who “join or assist” another’s sexual assault.  Instead, as stated
above, it provides that a person commits the crime of aggravated sexual assault
“if the person commits sexual assault under any one of the following
circumstances: . . . [t]he actor is joined or assisted by one or
more persons in physically restraining, assaulting or sexually assaulting the
victim.”  13 V.S.A. § 3253(a)(2).  The
statute requires, as a predicate for criminal liability, that a person commit
sexual assault.  Compare id., with Cal. Penal Code § 264.1
(providing that “in any case in which the defendant, voluntarily acting in
concert with another person, by force or violence and against the will of the
victim, committed an act [of rape or sexual penetration], either personally or
by aiding and abetting the other person, that fact shall be charged in the
indictment or information and if found to be true,” a greater sentence than
that for rape or sexual penetration shall be imposed).   As to the
second counts of aggravated sexual assault, the prosecution did not charge either
defendant with committing the crime of sexual assault; the prosecution charged
only that the defendant joined or assisted when the other person committed
sexual assault.  We cannot find that the conduct for which each defendant
was charged in the second count was a crime.  A person may not be
convicted of a crime that has not been authorized by the Legislature.  State v. Nichols, 167 Vt.
566, 567, 702 A.2d 77, 78 (1997) (mem.).

¶ 12.         We
recognize that the alleged offense charged in the second count of aggravated
sexual assault for each defendant—the third count of the information—is similar
to that of aiding in the commission of a felony as an accessory.  See 13
V.S.A. § 3.  However, the prosecution never charged defendants with
aiding the other defendant’s commission of aggravated sexual assault.  See
V.R.Cr.P. 7(b) (information must contain “a plain,
concise, and definite written statement of the essential facts constituting the
offense charged”).  The information must specify the statute defendant is
alleged to have violated, although failure to do so will not result in
dismissal of the information unless it “misle[d] the
defendant to his prejudice.”  Id. 
The information here did not charge defendants as accessories under 13 V.S.A.
§ 3.  As discussed above, the second count of aggravated sexual
assault also did not properly charge them as principals under the statute as
enacted by the Legislature.  See, e.g., State v. Pitts, 174 Vt. 21, 27, 800 A.2d
481, 485 (2002) (in certain circumstances, defendant charged only as principal
may be convicted on basis of accomplice liability).  The State similarly
did not argue at trial that each defendant was liable as a principal for the
other’s crime, and the jury was not instructed on accomplice liability.  

¶ 13.         Moreover,
the State did not argue below that “joined or assisted . . . in . . . sexually
assaulting” has the same meaning as “aid[ed] in the
commission of a felony” under 13 V.S.A. § 3.  Had the Legislature
intended to equate these phrases, it could have stated so explicitly. 
Other states have drafted similar statutes specifically using the terms “aid
and abet.”  See, e.g., N.C. Gen. Stat. § 14-27.4(a)(2)(c) (“A person
is guilty of a sexual offense in the first degree if the person engages in a
sexual act . . . [w]ith another person by force and
against the will of the other person, and . . . [t]he person commits the
offense aided and abetted by one or more other persons.”); Tenn. Code Ann.
§ 39-13-502(a)(3) (defining aggravated rape as “unlawful sexual
penetration of a victim by the defendant or the defendant by a victim
accompanied by any of the following circumstances: . . . The defendant is aided
or abetted by one (1) or more other persons; and (A) Force or coercion is used
to accomplish the act; or (B) The defendant knows or has reason to know that
the victim is mentally defective, mentally incapacitated or physically
helpless”); id. § 39-13-504(a)(3) (employing similar definition for
aggravated sexual battery); State v. Polk, 308 S.E.2d 296, 300 (N.C.
1983) (explaining that under North Carolina statutory scheme, “[a]n aider and
abettor is as guilty as the principal offender, and thus an aider and abettor
of any sexual offense ipso facto becomes guilty of a first-degree
offense”).  But see People v. Calimee,
122 Cal. Rptr. 658, 660 (Ct. App. 1975) (concluding
that legislature intended words “voluntarily acting in concert with another
person” in rape statute to include both those who personally engage in forcible
sexual act and those who aid and abet that person in accomplishing it).

¶ 14.         There
are additional difficulties in holding that the alleged crime charged by the
State is sufficiently close to accessory liability that the convictions should
be upheld, even from a plain error challenge.  The court in this case
instructed that the “crime” contained the following elements: (1) Christopher
Wilder; (2) joined or assisted Lonny Campbell; (3) in sexually assaulting H.L.;
(4) when Lonny Campbell intentionally[2]
 committed a sexual act with H.L.; and (5) H.L. was under the age of
sixteen years.  The court defined “intentionally” to mean “with the
specific intent to commit a sexual act . . . purposefully or knowingly and not
by accident, mistake, or inadvertence.”  It defined “joined” to mean “to
unite or combine in an accomplishment or action.”  It defined “assisted”
to mean “willfully encouraging or helping in the completion of an act or
accomplishment.” 

¶ 15.         In
comparison, aiding, for purposes of 13 V.S.A. § 3, is shown by
participation in the accomplishment, to some substantial measure, of a
preconceived plan with a common criminal objective.  State v. Sears,
130 Vt. 379, 382, 296 A.2d 218, 220 (1972); see also State v. Davignon, 152 Vt. 209, 215, 565 A.2d 1301, 1304-05
(1989) (all who have common understanding and purpose to commit a crime and who
knowingly and intentionally participate in criminal act are liable for acts of
principal); State v. Miller, 146 Vt. 164, 175, 502 A.2d 832, 839 (1985)
(noting relevant question is whether preconceived criminal plan existed in
which defendant participated).  Accessory liability has a specific intent
element: the accessory must have the same intent as the perpetrator of the
crime.  State v. Bacon, 163 Vt. 279, 289, 658 A.2d 54, 61 (1995). 
While the jury could have found that each defendant acted with the intent that
the other commit sexual assault on the victim, it also
could have found that each acted solely intending his own sexual act with the
victim.  Whatever the jury would have found, the court did not instruct
the jury that it had to find the intent element for aiding under 13 V.S.A.
§ 3.  The instruction, as described above, defined the intent of the
sexual assault perpetrator,[3]
 but was silent on the intent of the person who joined or assisted the
perpetrator.

¶ 16.         These
difficulties in holding that the jury would have convicted each defendant of
aiding in the sexual assault committed by the other defendant are reflected by
what the jury actually did.  The jury convicted each defendant of joining
or assisting the other in committing a sexual assault but could not agree to
convict each defendant of committing the sexual assault joined or assisted by
the other.  Whether or not these actions are legally inconsistent, they
are  logically irreconcilable.  Defendant
argues that they demonstrate that the jury reached an improper compromise
verdict.  Another possibility is that the jury could not easily apply the
jury instructions, particularly the concepts of joining and assisting.

¶ 17.         The
State’s brief, while arguing that the verdicts are not inconsistent,
demonstrates a source of confusion. The brief returns to the wording of the informations and argues that “Count I suggests that the
sexual assault could not have occurred without the assistance of another; while
Count III merely charges Wilder with assisting Campbell in Campbell’s sexual
assault on the 15 year-old girl.”  Thus, the State argues that “[t]he jury
could have easily found that both men assisted the other in setting the victim
up for the assault by getting her extremely drunk, but then acted on their own
in sexually assaulting her.”  This explanation directly undercuts a claim
that the jury necessarily applied the shared intent element of aiding under 13
V.S.A. § 3.  It also demonstrates the risk of creating a crime not
moored in the statutory language.  The State has loosely defined the
elements of the new crime to justify the verdicts.

¶ 18.         Certainly,
defendants’ actions were reprehensible, and the State had a reasonable basis
for charging each defendant with one count of violating 13 V.S.A. § 3253(a)(2), which provides a heightened punishment for those who
are joined or assisted by others in sexually assaulting a victim.  Other
states have similarly concluded that when a victim is assaulted by more than
one person, an enhanced sentence is appropriate.  See, e.g., Conn. Gen.
Stat. § 53a-70(a)(3) (person commits sexual assault in the first degree
when he or she commits sexual assault and “in the commission of such offense is
aided by two or more other persons actually present”); Fla. Stat.
§ 794.023 (Legislature finds that an act of sexual battery, when committed
by more than one person, presents a great danger to the public and is extremely
offensive to civilized society, and therefore Legislature reclassified offenses
for acts of sexual battery committed by more than one person); State v.
Dennis, 728 P.2d 1075, 1078 (Wash. Ct. App. 1986) (enhanced sentence for
rape appropriate where victim subject to multiple penetrations, and rape was in
nature of a “gang rape”).  The problem here is that the State sought to
create two crimes out of the one that the Legislature authorized, without proving
the elements of aiding in the commission of a crime as required by 13 V.S.A.
§ 3.  This is a fundamental error that requires us to vacate
defendants’ convictions on these counts.  Ward,
151 Vt. at
452, 562 A.2d at 1042. 

¶ 19.         We
thus reverse the conviction on Count III of the information with respect to
each defendant.  We remand the case for resentencing under the remaining
convictions of sexual assault and furnishing alcohol to a minor.  See State
v. Martin, 2009 VT 15, ¶ 7, 185 Vt.
286, 973 A.2d 56 (requiring “redetermination of the full sentencing package”
when defendants challenge interdependent sentences (quotation omitted)).

Defendants’ convictions for
aggravated sexual assault are vacated, and the case is remanded for
resentencing under the remaining convictions.  

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  











[1] 
Neither defendant appealed within thirty days of sentencing.  See V.R.A.P.
4.  Instead, approximately four years later, defendants filed a petition
for post-conviction relief (PCR), alleging that their attorneys were
ineffective in failing to file an appeal.  As a result of the PCR
proceedings, defendants’ rights of appeal were reinstated.  





[2] 
The word “intentionally” was left out of the instructions relating to count 3
of the charges against Lonny Campbell for joining or assisting Christopher
Wilder.  





[3] 
It failed to do even that in the count in which Christopher Wilder was the
perpetrator and Lonny Campbell was charged with joining or assisting him.